# EXHIBIT "A"

Electronically FILED by Superior Court of California, County of Los Angeles on 01/18/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

COUNTY OF LOS ANGELES
FILED

2022 AUG -5 P 2:47

BC

**NOTICE TO DEFENDANT:** COUNTY OF LOS ANGELES. a public entity;
***(AVISO AL DEMANDADO):*** WAYFINDER FAMILY SERVICES, a California
corporation; BOBBY D. CAGLE, an individual; VIRGINIA PRYOR, an individual;
MIKI JORDAN, an individual; JAY ALLEN, an individual; ANI SARGSYAN, an
(Additional Parties Attachment form is attached.)
**YOU ARE BEING SUED BY PLAINTIFF:** DAVID HILLMAN III, an individual;
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** THE ESTATE OF DAVID
MCKNIGHT-HILLMAN, by and through its Personal Representative, DAVID
HILLMAN III,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of Los Angeles<br>111 North Hill Street<br>Los Angeles, California 90012 | CASE NUMBER:<br>*(Número del Caso):*<br>**22STCV01775** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian T. Dunn, Esq., THE COCHRAN FIRM - CALIFORNIA
4929 WILSHIRE BLVD., SUITE 1010, LOS ANGELES, CA 90010   (323) 435-8205

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* 01/18/2022 | Sherri R. Carter Executive Officer / Clerk of Court<br>Clerk, by<br>*(Secretario)* R. Lozano | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☑ on behalf of *(specify):*   County of Los Angeles, public entity

under: ☐ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☑ other *(specify):* CCP416.50
4. ☑ by personal delivery on *(date):* 8-5-2022

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>Westlaw Doc & Form Builder® |

**SUM-200(A)**

| SHORT TITLE: DAVID HILLMAN III v. COUNTY OF LOS ANGELES | CASE NUMBER:<br>22STCV01775 |
|---|---|

## INSTRUCTIONS FOR USE

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☐ Plaintiff   ☒ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

individual; GOOD GUARD SECURITY, INC., a California corporation; and DOES 1 through 200, inclusive,

Page ___2___ of ___2___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

Westlaw Doc & Form Builder™

22STCV01775

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer:

Electronically FILED by Superior Court of California, County of Los Angeles on 01/18/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

BRIAN T. DUNN, ESQ. (SBN 176502)
MARCELIS E. MORRIS, ESQ. (SBN 291972)
TIMAIAH SMITH, ESQ. (SBN 333587)
**THE COCHRAN FIRM - CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
TEL: (323) 435-8205
FAX: (323) 282-5280
(bdunn@cochranfirm.com)

Attorneys for Plaintiffs, DAVID HILLMAN III, an individual; and
THE ESTATE OF DAVID MCKNIGHT-HILLMAN, by and
through its Personal Representative, DAVID HILLMAN III

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| DAVID HILLMAN III, an individual; THE ESTATE OF DAVID MCKNIGHT-HILLMAN, by and through its Personal Representative, DAVID HILLMAN III,<br><br>           Plaintiffs,<br><br>    v.<br><br>COUNTY OF LOS ANGELES, a public entity; WAYFINDER FAMILY SERVICES, a California corporation; BOBBY D. CAGLE, an individual; VIRGINIA PRYOR, an individual; MIKI JORDAN, an individual; JAY ALLEN, an individual;ANI SARGSYAN, an individual; GOOD GUARD SECURITY, INC., a California corporation; and DOES 1 through 200, inclusive,<br><br>           Defendants. | Case No.: **22STCV01775**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Substantive Due Process)**<br>2. **Violations of Civil Rights (42 U.S.C. § 1983) (Based on Unconstitutional Policy, Practice, or Custom)**<br>3. **Violation of Cal. Civil Code § 52.1**<br>4. **Wrongful Death (Based on Negligence of Gov't Employees and Independent Contractors)**<br>5. **Wrongful Death (Based on Failure to Perform a Mandatory Duty)**<br>6. **Wrongful Death (Based on Fraud / Civil Conspiracy to Commit Fraud)**<br>7. **Fraud and Deceit (Concealment)**<br>8. **Wrongful Death (Bus. Prof. Code § 17500) (Based on Unfair Business Practices)**<br>9. **Wrongful Death (Based on Gross Negligence Arising from Negligence Per Se; Negligent Hiring, Training, Supervision, and Retention; and Negligent Undertaking)**<br>10. **Wrongful Death (Based on Assault & Battery)** |

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

**11. Wrongful Death (Based on Gross Negligence Arising from Negligence**

<u>**DEMAND FOR JURY TRIAL**</u>

///

COME NOW,Plaintiffs **DAVID HILLMAN III**, an individual, and **THE ESTATE OF DAVID MCKNIGHT-HILLMAN**, by and through its Personal Representative, **DAVID HILLMAN III**, for causes of action against Defendants **COUNTY OF LOS ANGELES**, a public entity; **WAYFINDER FAMILY SERVICES**, a California corporation; **BOBBY D. CAGLE**, an individual; **VIRGINIA PRYOR**, an individual;**MIKI JORDAN**,an individual; **JAY ALLEN**, an individual;**ANI SARGSYAN**, an individual;**GOOD GUARD SECURITY, INC.**, a California corporation; and **DOES 1 through 200** (hereinafter all defendants are collectively referred to as "Defendants") inclusive, and allege as follows:

<u>**JURISDICTION AND VENUE**</u>

1.      This action is an unlimited civil case, in that the amount of the damages prayed for in this action exceed $25,000.00.

2.      This court is the proper court for this action because at least one of the defendants now resides in its jurisdictional area, the principal place of business of a defendant corporation is in its jurisdictional area, and the injury or damage to Plaintiff occurred in its jurisdictional area, and occurred on at a premises located within its jurisdictional area.

3.      On or around June 2, 2021, a timely claim for damages was filed on behalf of Plaintiffs with the Executive Office of the Board of Supervisors of the County of Los Angeles, in substantial compliance with California Government Code 910, et. seq. The claim was denied or otherwise rejectedby operation of law since Defendant County of Los Angeles did not at any time provide Plaintiffs with written notice of rejection of Plaintiffs' claim. As such, Plaintiffs have timely complied with all government claim statutes and the filing of this Complaint is timely.

<u>**PARTIES**</u>

4.      Plaintiff **DAVID HILLMAN III** (hereinafter sometimes referred to as **"Plaintiff Hillman"** or **"Mr. Hillman"**), is and at all relevant times was the biological father of Decedent David McKnight-Hillman (Decedent David McKnight-Hillman is hereinafter referred to as **"Decedent"** or **"Mr. McKnight-Hillman"**). At all relevant times Mr. Hillman was and is a competent adult and resident of the

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1 County of Los Angeles, State of California.

2      5.    Plaintiff **THE ESTATE OF DAVID MCKNIGHT-HILLMAN** (hereinafter
3 sometimes referred to as **"The Estate"**), is and at all relevant times was the probate estate representing
4 the interests of its Decedent David McKnight-Hillmanthrough its Personal Representative, DAVID
5 HILLMAN III (Plaintiff Hillman and The Estate are sometimes hereinafter collectively referred to as
6 **"Plaintiffs"**.) All causes of action alleged by The Estate, herein, are brought in place of Decedent David
7 McKnight-Hillman who, but for his death, would bring this action and seeks damages accruing to Mr.
8 McKnight-Hillman in a survival action pursuant to California Code of Civil Procedure, Section 377.34.

9      6.    Plaintiffs also bring these claims as Private Attorneys General to vindicate not only their
10 rights but others' civil rights of great importance.

11      7.    Defendant **COUNTY OF LOS ANGELES**, and **DOES 1 through 10, inclusive, and**
12 **each of them** (hereinafter collectively referred to as **"COUNTY"** or **"COUNTY OF LOS**
13 **ANGELES"**), is a local governmental entity, duly authorized and formed under the laws of the State of
14 California. The County is and at all relevant times was a public entity acting by and through its agents,
15 directors, board of supervisors, employees, departments, agencies, subdivisions, contractors,and acting by
16 and through its various departments, including Department of Children and Family Services ("DCFS")
17 and by and through its Department of Mental Health ("DMH").

18      8.    DCFS is the agency responsible for administering children and welfare services in Los
19 Angeles County, for locating placements for children in the County foster care system, and for ensuring
20 the safety and well-being of children under court supervision pursuant to Welfare and Institutions Code §
21 300. In connection with these functions, at all relevant times there existed a special relationship between
22 COUNTY OF LOS ANGELES, acting by and through DCFS, its employees and contractors and the
23 childrenwho were taken into the custody and care of the COUNTY OF LOS ANGELES.

24      9.    Defendant **BOBBY D. CAGLE**(hereinafter sometimes referred to as **Mr. Cagle**), and
25 **DOES 21 through 30, inclusive, and each of them**, (hereinafter Mr. Cagle and DOES 21 through 30
26 collectively referred to as **"DIRECTOR CAGLE"**)at all relevant times wasthe Acting Directoror Director
27 of the Los Angeles County Department of Children and Family Services and, as such, is and at all relevant
28 times was, responsible for administering child welfare services in Los Angeles County, and for ensuring

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

3

the safety and well-being of children under court supervision pursuant to <u>Welfare and Institutions Code</u> § 300. At all times relevant hereto DIRECTOR CAGLE was acting within the course and scope of his employment with COUNTY OF LOS ANGELES.

10. Defendant **VIRGINIA PRYOR**(hereinafter sometimes referred to as "**Ms. Pryor**"), and **DOES 31 through 40, inclusive, and each of them,** (hereinafter Ms. Pryor and DOES 31 through 40 collectively referred to as "**DEPUTY DIRECTOR PRYOR**") is and at all relevant times was a competent adult employed by COUNTY OF LOS ANGELES as the Deputy Director of its Department of Children and Family Services, and, as such, is and was responsible for administering child welfare services in Los Angeles County, and for ensuring the safety and well-being of children under court supervision pursuant to <u>Welfare and Institutions Code</u> § 300.At all times relevant hereto DEPUTY DIRECTOR PRYOR was acting within the course and scope of her employment with COUNTY OF LOS ANGELES.

11. Defendants COUNTY OF LOS ANGELES, DIRECTOR CAGLE, DEPUTY DIRECTOR PRYOR, and DOES 1 through 40 inclusive, and each of them are hereinafter referred to collectively as "**COUNTY OF LOS ANGELES**" or the "**COUNTY**".

12. Defendant **WAYFINDER FAMILY SERVICES** and **DOES 41 through 100, inclusive, and each of them** (hereinafter collectively referred to as "WAYFINDER"), is and at all relevant times was a California corporation, acting under the color of state law as an agent and contractor of the COUNTY OF LOS ANGELES and its DCFS. WAYFINDER provided residential therapeutic services to youth struggling with significant behavioral, emotional, and educational challenges, placed in its care and custody by COUNTY OF LOS ANGELES.

13. The subject incident occurred at WAYFINDER's main campus located at 5300 Angeles Vista Boulevard Los Angeles, CA 90043 where the subject incident occurred (hereinafter referred to as "The Wayfinder Facility")

14. Defendant **MIKI JORDAN**(hereinafter sometimes referred to as **Ms. Jordan**) and **DOES 61 through 70, inclusive, and each of them,** (hereinafter Ms. Jordan and DOES 61 through 70 collectively referred to as "**MIKI JORDAN**") at all relevant times was the Chief Executive Officer of WAYFINDER. On information and belief, MIKI JORDAN was the most senior policymaking official of

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

WAYFINDER, responsible for the oversight, management, hiring, decisions, policies, procedures, provision of services, and supervision of all employees and agents of WAYFINDER. She was also ultimately responsible for the welfare, safety,and health of residents and staff at WAYFINDER, and preventing and handling violent attacks. On information and belief, she was personally involved in the decision not to provide the residents their statutorily mandated needs and services, yet allowing them to stay at WAYFINDER, despite being ill-equipped to handle their critical, mental, emotional, and behavioral needs, causing the creation of highly dangerous conditions for staff, trainees, residents, and the community.

15.     Defendant **JAY ALLEN** (hereinafter sometimes referred to as Mr. Allen) and **DOES 71 through 80, inclusive, and each of them,** (hereinafter Mr. Allen and DOES 71 through 80 collectively referred to as "JAY ALLEN") at all relevant times was the President and Chief Operating Officer of WAYFINDER. On information and belief, JAY ALLEN was one of the highest policymaking officials of WAYFINDER responsible for overseeing the operations of WAYFINDER's programs and services.

16.     Defendant **ANI SARGSYAN**(hereinafter sometimes referred to as **Ms. Sargsyan**) and **DOES 91 through 100, inclusive, and each of them** (hereinafter Ms. Sargsyan and DOES 91 through 100 collectively referred to as **"ANI SARGSYAN"**) at all relevant times herein was the Associate Vice President of Residential Clinical Servicesat WAYFINDER, responsible for program compliance with governmental and contractual requirements, the integration and provision of mental health services within the agency's Short Term Residential Therapeutic Program, oversight of the nursing department, and ensuring integration of nursing and health services with WAYFINDER's on-campus residential programs.

17.     Defendants WAYFINDER FAMILY SERVICES, MIKI JORDAN, JAY ALLEN, and ANI SARGSYAN and DOES 41 through 100 inclusive and each of them, are hereinafter collectively referred to as **"WAYFINDER"**.

18.     Defendant **GOOD GUARD SECURITY, INC., and DOES 101 through 150, inclusive, and each of them,** (GOOD GUARD SECURITY, INC. and DOES 101 through 150 collectively referred to as **"GOOD GUARD SECURITY"**) is and at all relevant times was a corporation residing and doing business within State of California.

19.     DOES 1 through 200 are employees, agents, consultants or contractors of COUNTY OF

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1  LOS ANGELES, working at all relevant times under the direction, supervision, and control of COUNTY

2  OF LOS ANGELES.

3      20.    DOES 1 through 200, inclusive, and each of them are the agent, employee, supervisor,

4  employer, servant, principal, partner, joint-venturer or co-conspirator of Defendants, and each was and at

5  all times alleged herein acting with the course and scope of his or her employment and with the express

6  authority, ratification, knowledge and consent of his or her employer and/or supervisor. Defendants and

7  DOES 1 through 200 were in some way responsible for the harm that was sustained by Plaintiffs as

8  alleged herein and/or cooperated and/or facilitated or contributed to the harm suffered by Plaintiffs as

9  alleged herein. Defendants and DOES 1 through 200 also knew and/or should have known, and/or were

10 put on notice of the actions of each and every defendant listed as DOES 1 through 200 which caused

11 harm either directly or indirectly to Plaintiffs as herein alleged and failed and/or refused to take action to

12 prevent harm herein alleged from occurring.

13     21.    Plaintiffs are informed, believe, and thereon allege that DOES 1 to 200, inclusive, and each

14 of them, is, and at all times relevant herein were, employees, agents, and/or representatives acting within

15 the course and scope of said employment, and/or under the direct supervision and control of Good

16 Guard Security, Inc., when the events described herein occurred, resulting in Plaintiffs' injuries.

17     22.    The true names and capacities, whether individual, corporate, associate, partner, subsidiary,

18 parent, agent, alter ego, or otherwise of defendants herein names as DOES 1 through 200, inclusive, and

19 each of them, remain unknown to Plaintiffs, who therefore sue said defendants by such fictitious names.

20 Plaintiffs will amend their Complaint to incorporate the defendants' true names and/or capacities after the

21 same have been ascertained. The full extent of the facts linking such fictitiously sued defendants with the

22 causes of action alleged herein are unknown to Plaintiffs. Plaintiffs are informed and believe, and

23 thereupon allege, that each of the defendants designated as DOE was and is legally, equitably, or in some

24 other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby

25 negligently, or in some other actionable manner, proximately caused the hereinafter alleged injuries and

26 damages to Plaintiffs.

27     23.    At all times herein mentioned, each of the Defendants, inclusive, were the agent, servant,

28 employee, partner, aider and abettor, co-conspirator and/or joint venturer of each of the remaining

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

6

Defendants named herein and were at all times operating and acting within the purpose and scope of said agency, service, employment, partnership, conspiracy, alter ego and/or joint venture, and each defendant has ratified and approved the acts of each of the remaining Defendants. Each of the Defendants has aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching their obligations to Plaintiffs as alleged herein. In taking action to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoings complained of, as alleged herein, each of the Defendants acted with an awareness of their primary wrongdoing and realized that their conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

## FACTS COMMON TO ALL CAUSES OF ACTION

24.    Plaintiffsre-allege each and every allegation contained in the preceding paragraphs and by this reference incorporate said paragraphs as though fully set forth here.

## INTRODUCTION

25.    COUNTY OF LOS ANGELES' foster care system is the largest in the nation. The system is responsible for approximately 35,000 children, the majority of which are African American and Latino. Thousands of the children in the custody of COUNTY OF LOS ANGELES' Department of Children and Family Services and its contractors such as WAYFINDER are dealing with emotional, behavioral, and psychiatric impairments. These children are desperately in need of but were not being provided the necessary and legally mandatedmental health services, case management services, and behavioral support. The COUNTY's abysmal provision of services and oversight has failed to meet the needs of these children in significant ways, and fell below those standards required by law, as set forth herein. These failures of Defendants directly and proximately caused the death of David McKnight-Hillman and Plaintiffs' damages as alleged herein.

26.    Plaintiffs are informed, believe, and thereon allege that children with mental health challenges require individualized services designed to meet their needs. COUNTY OF LOS ANGELES'foster program claims to provide individualized services through its needs and services treatment plan for children in its care.  These services, which are required by law, include professionally acceptable assessments, as well as behavioral support and case management services, family support, crisis support, wraparound services, therapeutic foster care and other mental health services, in a home-like

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

setting.

27.     Plaintiffs are informed and believe, and thereon allege, that in addition to failing to ensure that the children in foster care received their legally mandated mental health services, Defendant COUNTY OF LOS ANGELES and its DCFS placed children with critical mental health and behavioral needs and deficits and warehoused them at WAYFINDER, a facility known for profiting from the residents' mental health needs that they systematically failed to address. This systematic failure, among many other failures, acts, and omissions of Defendants,resulted in the death of David McKnight-Hillman.

28.     At only 25 years old, David McKnight-Hillman died following a fatal attack, which occurred atThe Wayfinder Facility, located at 5300 Angeles Vista Boulevard Los Angeles, CA 90043 during the evening hours of Saturday, January 2, 2021.

29.     On the aforementioned date, David McKnight-Hillman, was lawfully present at The Wayfinder Facility, owned and operated by WAYFINDER, when he was violently assaulted by seven of the WAYFINDER's residents ("The Residents") who had been placed at the facility by the COUNTY OF LOS ANGELES, acting by and through its DCFS and other of its social services departments.

30.     David McKnight-Hillman'sdeath occurred after years of reports of violence, assaults, and substandard care, due to WAYFINDER's inability to handle the severe mental, behavioral, and emotional challenges of the youth in the facility. WAYFINDER management and the COUNTY OF LOS ANGELES failed to adequately train staff, underreported incidents of violence, and continually failed to address the compounding concerns related to resident care at the facility. COUNTY OF LOS ANGELES and WAYFINDER knew that there was a high probability that their conduct would cause harm and they knowingly, and recklessly disregarded this risk of imminent harm which their conduct created at The Wayfinder Facility.

31.     Plaintiff DAVID HILLMAN III brings this action under the provisions of California Code of Civil Procedure §377.60, and under California common law, stating that Defendants' wrongful conduct, gross negligence, and statutory violations, caused and/or substantially contributed to the physical, mental, and emotional abuse, suffering, pain, anguish, and, ultimately, the death ofDavid McKnight-Hillman and thereby also caused damages to The Estate of David McKnight-Hillman and David Hillman III.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

/// 

## THE DUTIES, OBLIGATIONS, AND FAILURES OF
## COUNTY OF LOS ANGELES AND WAYFINDER

32.     California law provides that the administration of public social services, including child welfare services, within a local area is a county function and responsibility. California Welfare and Institutions Code §§ 10800, 16500, 16501(a). Therefore, COUNTY OF LOS ANGELES is mandated to establish and support a system of child welfare services.

33.     Community Care Licensing Division (CCLD) is the division of the CaliforniaDepartment of Social Services (CDSS) that is responsible for the licensing and monitoring of Group Home and Short-Term Residential Therapeutic Programs for compliance with Community Care Licensing (CCL) regulations within the State of California, Commonly referred to as CCL.

34.     Plaintiffs are informed and believe and thereon allege that the Defendant COUNTY OF LOS ANGELES pursuant to the Welfare and Institutions Code and California State mandates contained in the California Department of Social Services Regulations conceived, developed, established, instituted and maintained a 'foster program' designed to protect, maintain, house, safeguard and care for Dependent Minors and Non-Minors living in the County of Los Angeles subject to or under the jurisdictional control of the Los Angeles County Superior Court Juvenile Dependency Court System.

35.     A short-term residential therapeutic program, as defined in Health and Safety Code section 1502(a)(18), shall be governed by the interim licensing standards specified in this chapter. (1) In addition to subsection (b), a short-term residential therapeutic program, except where specified otherwise in this chapter, shall be governed by the provisions in Title 22, California Code of Regulations, Division 6, Chapter 1, General Licensing Requirements. c) These interim licensing standards may be cited as the California Department of Social Services Short-Term Residential Therapeutic Program Interim Licensing Standards, (Cal.Dept. of Social Services, STRTP ILS).

36.     Provisions of the contract with the DCFS mandate that there is a delegation to WAYFINDER of certain legal obligations that the DCFS has under the Manual of Policies and Procedures issued by the State of California Health and Human Services Agency, Department of Social Services (CDSS). California Department of Social Services Manual of Policies and Procedures, Division

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

9

1   31, Child Welfare Services Manual.

2       37.     The COUNTY OF LOS ANGELES through its DCFS is also responsible for selecting

3   foster care placements for children in its care, monitoring foster children's well-being, and ensuring the

4   implementation of their case plans. Welf. & Inst. Code 16501(a).

5       38.     The Needs and Services Plain pursuant to Cal.Dept. of Social Services, STRTP ILS

6   87068.2(a) states that social work staff shall develop an individual needs and services plan, within 30 days

7   of placement, for the child that meets the requirements specified in (b) through (d) below and includes the

8   anticipated duration of the treatment, and the timeframe and plan for transitioning the child to a less

9   restrictive family environment.The needs and services plan shall be trauma informed, culturally relevant,

10  and age and developmentally appropriate and shall identify the child's needs in the following areas:

11      39.     Cal.Dept. of Social Services, STRTP ILS  87068.22(e) the needs and services plan specified

12  in Section 87068.2 shall be updated at least every 30 days to determine the following: (1) The child's need

13  for continuing services, (2) The facility's recommendation regarding the feasibility of the child's return to

14  his/her home; placement in a less restrictive family-like setting consistent with the facility's program

15  statement as specified in Section 1562.01(d)(2)(C)(iii) of the Health and Safety Code; or move to

16  independent living, (3) The need for modification in services, (4) The progress of the child toward his/her

17  transfer goal.

18      40.     Cal.Dept. of Social Services, STRTP ILS  87078(b) requires that the licensee shall provide

19  those services identified in each child's or nonminor dependent's needs and services plan, or Transitional

20  Independent Living Plan, as necessary to meet the child's or nonminor dependent's needs.

21      41.     More specificallyDepartment of Social Services Regulations Section 31-320.5 requires that

22  COUNTY OF LOS ANGELES accomplish and ensure the following with respect to each minor or non-

23  minor dependent in its custody of its child welfare services:

24              a.  Verify the location of the child, monitor the safety of the child, assess the child's

25                  wellbeing;

26              b.  Gather information to assess the effectiveness of services provided to meet the

27                  child's needs, to monitor the child's progress and meet identified goals, which

28                  includes the development of a Case Plan and a Needs and Services Plan;

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

10

   c. Establish and maintain a helping relationship between social worker and child to provide continuity and a stability point for the child; and,

   d. Solicit the child's input on his/her future and inform the child as to current and future placement plans and progress and discuss these plans and progress with the child.

42. Moreover, <u>Department of Social Services Regulations</u> Section 31-325 and 31-330 require the COUNTY OF LOS ANGELES to accomplish and ensure the following with respect to each minor or non-minor dependent in its custody of its child welfare services:

   a. Periodic monitoring of the parent, guardian, or the Out of Home Care Provider with whom the child has been placed in order to monitor and assess the quality of care provided including the location and safety of the child, and the ability of the caretaker to meet the child's basic and special needs

43. COUNTY OF LOS ANGELES chose to contract with a third-party private agency to fulfill its mandatory obligations, as it related to the ongoing provision of care and social services to minors and non-minor dependents who were in need of levels of care and supervision that could not be met in a family-like setting, who were not in need of in-patient services, but were in need of specialized intensive support, treatment and oversight that could not be achieved in a less restrictive environment. To this end COUNTY OF LOS ANGELES chose to contract with WAYFINDER, as a Short-Term Residential Therapeutic Program (STRTP) licensed by the California Department of Social Services (CDSS) for the provision of short-term residence, 24-hour care and supervision, and specialty mental health services, for children placed in the custody of COUNTY OF LOS ANGELES and having been assessed as needing and qualifying for the services of an STRTP.

44. WAYFINDER was, at all times herein, licensed by the California Department of Social Services and under contract with COUNTY OF LOS ANGELES' child protective agencies including DCFS to provide social services on behalf of COUNTY OF LOS ANGELES as an STRTP, for children in COUNTY OF LOS ANGELES' custody, in need of and qualifying for the services of an STRTP. WAYFINDER was paid with public funds for its contract as an STRTP.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

11

45.     Provisions of the contract between COUNTY OF LOS ANGELES and WAYFINDER for the implementation of a licensed STRTP mandate that there is a delegation to WAYFINDER of certain legal obligations imposed upon the COUNTY OF LOS ANGELES under the State of California Department of Social Services Regulations. COUNTY OF LOS ANGELES has a legal obligation to monitor and oversee its contracts with facilities like WAYFINDER to ensure that WAYFINDER continually complied with its contractual and legal obligations under relevant law to ensure the health, safety, and welfare of dependent minors that had been placed in its custody and control. Therefore, WAYFINDER is and was subject to close scrutiny by COUNTY OF LOS ANGELES and its DCFS, which included but was not limited to periodic review of contract compliance.

46.     As a part of the COUNTY OF LOS ANGELES' ongoing obligation to monitor, oversee, and care for minors in its care, including but not limited to monitoring their physical and emotional condition, and taking necessary action to safeguard the child's growth and development, and to ensure the adequate provision of medical care, and as a part of the COUNTY OF LOS ANGELES' ongoing obligation to monitor the care and supervision provided by a parent, guardian, or Out of Home provider with whom the minor is placed, COUNTY OF LOS ANGELES was required to:

    a.   Complete a comprehensive Assessment and Case Plan for each foster child after removing the child from their parents' home. Cal. Welf. & Inst. Code § 16501.1(e). The case plan ensures that:

        i.   The child receives protection and safe and proper care and case management;

        ii.   Services are provided to the child and parents or other caretakers;

        iii.   Reasonable services are offered or provided to make it possible for the child to return to a safe home environment; and

        iv.   The needs of the child are addressed while in care. (Cal. Welf. & Inst. Code § 16501.1(a)(2), (5).)

        v.   The case plan must also include a description of the type of placement being used (such as the decision to place the child at an STRTP like

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

WAYFINDER) and the reasons for the placement decision. Cal. Welf. & Inst. Code § 16501.1(d)1.

     vi. For community treatment facility placements (such as at an STRTP), the case plan shall have a schedule of planned social worker or probation officer monthly visits. (MPP 31-206.315.)

     vii. For community treatment facility placements, the case plan shall specify the reasons why the placement is the most appropriate placement selection pursuant to Section 31-406.

  b. In placing children in out-of-home care, COUNTY OF LOS ANGELES was required to pay particular attention to the individual child's needs, the ability of the facility to meet those needs, the needs of other children in the facility, the licensing requirements of the facility as determined by the licensing agency, and the impact of the placement on the family reunification plan (Health and Safety Code § 1501.1).

  c. Supervision of mental health treatment service provided to a child in a group home shall be a case management function of the placing agency, in this case COUNTY OF LOS ANGELES. (Health and Safety Code § 1507.6).

47. As an STRTP, WAYFINDER was required to meet certain obligations including, but not limited to:

  a. Prepare and maintain a current, written plan of operation, which shall include: A statement of purposes and goals; and, a plan for the supervision, evaluation, and training of staff.

  b. The training plan for staff shall be appropriate to meet the needs of staff and children.

  c. A Program Statement that includes:

     i. Description of the short-term residential treatment center's ability to support the differing needs of children and their families with short-term, specialized, and intensive treatment;

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

COMPLAINT FOR DAMAGES

ii. Description of the core services, as set forth, on and after January 1, 2017, in paragraph (1) of subdivision (b) of Section 11462 of the Welfare and Institutions Code, to be offered to children and their families, as appropriate or necessary;

iii. Procedures for the development, implementation, and periodic updating of the needs and services plan for children served by the short-term residential treatment center and procedures for collaborating with the child and family team described in paragraph (4) of subdivision (a) of Section 16501 of the Welfare and Institutions Code, that include, but are not limited to, a description of the services to be provided to meet the treatment needs of the child as assessed, on and after January 1, 2017, pursuant to subdivision (d) or (e) of Section 11462.01 of the Welfare and Institutions Code, the anticipated duration of the treatment, and the timeframe and plan for transitioning the child to a less-restrictive family environment.

d. Therapeutic programming shall be provided seven days a week, including weekends and holidays, with sufficient mental health professional and paraprofessional staff, as required by the facility's children's crisis residential mental health program approval, in accordance with standards and procedures established pursuant to Section 11462.011 of the Welfare and Institutions Code to maintain an appropriate treatment setting and services, based on individual children's needs.

e. Collaborate with each child's existing mental health team, if applicable, child and family team, if applicable, and other formal and natural supports within 24 hours of intake and throughout the course of care and treatment as appropriate.

f. Create and assist with the implementation of a plan for transitioning each admitted child from the program to his or her home and community, including the establishment of a mental health or child and family team if there is not one already.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

48.     Both WAYFINDER, and COUNTY OF LOS ANGELES acting by and through its DCFS, were mandated reporters under The Child Abuse and Neglect Reporting Act, including California Penal Code Section 11165.9, et seq. Pursuant to this statute WAYFINDER, and COUNTY OF LOS ANGELES acting by and through its DCFS were required to receive all reports of child abuse, within the accepted standards of care, and to report allegations of abuse.

### WAYFINDER KNOWINGLY FAILED TO SATISFY ITS STATUTORY AND CONTRACTUAL OBLIGATIONS TO THE RESIDENTS AND STAFF AT THE WAYFINDER FACILITY IN A MANNER THAT CONSTITUTED CHILD ABUSE, NEGLECT, GROSS NEGLIGENCE, AND CRIMINAL CONDUCT.

49.     Plaintiffs are informed, believe, and thereon allege that: WAYFINDER and COUNTY OF LOS ANGELES disregarded the government policies that were designed to improve how and where foster kids were housed, and instead, created a custom and practice of placing the most vulnerable children in their custody at WAYFINDER, while ignoring the residents' needs, disabilities, and case histories in a manner that constituted child abuse and neglect, gross negligence, and criminal conduct. By holding itself out as an STRTP, WAYFINDER was able to house minors that provided it with higher reimbursement rates and increased revenue, but without providing the statutorily and contractually mandated services to the children required by the program. Said conduct of Defendants constituted child abuse, neglect, gross negligence, criminal conduct, and fraud.

50.     Plaintiffs are informed, believe, and thereon allege that at all relevant times herein COUNTY OF LOS ANGELES and WAYFINDER knew or in the exercise of reasonable diligence, should have known, that:

        a.   WAYFINDER was out of compliance with its contractual and statutorily mandated obligations with COUNTY OF LOS ANGELES in its provision of services as an STRTP.

        b.   Despite being out of compliance with its contractual and statutorily mandated obligations with COUNTY OF LOS ANGELES WAYFINDER continued to receive taxpayer supported funding for services it was not providing.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

15

c.  There was a culture of violence, fear, and intimidation between residents and the staff at WAYFINDER.

d.  Staff members at WAYFINDER were outnumbered, provided with severely inadequate resources, and were subjected to consistent and ongoing verbal and physical attacks upon them by the residents placed at WAYFINDER by COUNTY OF LOS ANGELES.

e.  There was an outpouring of numerous complaints by WAYFINDER staff members about the severe deficiencies at the WAYFINDER facility, that adequate care for the residents was non-existent, and due to Defendants' failings the residents were in control of the facility.

f.  Defendants' continued failure to meet their obligations under the statutory framework and contractual arrangement did, and was likely to continue to, create a high probability that harm would be caused to the residents and staff members at WAYFINDER, and to Plaintiffs.

g.  Staff members at WAYFINDER repeatedly, over several years, complained that if the training methods and staffing levels did not change at WAYFINDER, someone would die, as a result of the severe risk of harm created at the facility.

h.  WAYFINDER refused to comply with Title 22 regulations by conduct which includes, but is not limited to, failing to always require a competent and trained staff to meet the needs of vulnerable youth, failing to maintain staffing ratios sufficient to adequately execute the policies and procedures of the facility and to comply with Title 22 regulations, and knowing that staff and children were being victimized at the facility and failing to or refusing to take adequate corrective action.

i.  WAYFINDER was cited and issued deficiencies by the California Department of Social Services for failing to comply with Title 22 regulations.

j.  WAYFINDER actively worked to intentionally cover up and conceal the fact that it was not meeting is statutorily mandated and contractual obligations by

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

intentionally concealing serious incidents that took place at the facility for which a report to state agencies was required. WAYFINDER fostered a culture of underreporting serious incidents that took place at the facility and senior personnel were deciding which reports of serious incidents to transmit to state authorities, and which not to send. Said conduct constituted a knowing and willful concealment of child abuse, neglect, gross negligence, and criminal conduct.

k. Despite the foregoing, COUNTY OF LOS ANGELES and WAYFINDER knowingly, willfully, recklessly, maliciously, and with deliberate indifference disregarded the seriousness of the safety risks to the children and staff at The Wayfinder Facilitythat were created by their failures to provide adequate services to the residents, continued to operate the facility, in a manner that constituted child abuse, neglect, gross negligence, and criminal conduct.

51.     Plaintiffs are informed, believe, and thereon allege that at all relevant times herein COUNTY OF LOS ANGELES' and WAYFINDER's conduct, acts, and omissions, as alleged herein, constituted recklessness, gross negligence, and deliberate indifference that created a foreseeable risk of harm and/or death toward David McKnight-Hillman as follows:

a. COUNTY OF LOS ANGELES and WAYFINDER knowingly created an environment where the breakdown in WAYFINDER's ability to provide adequate services to manage the critical mental health and behavioral needs of children in their care would continue to persist.

b. WAYFINDER knowingly circumventing their legal duty to comply with applicable statutes and regulations, to maximize revenues, by diverting resident care funds for other uses instead of using them to meet their obligations as an STRTP.

c. COUNTY OF LOS ANGELES and WAYFINDER knew that it was impossible for staff, including Decedent, to manage all the children at the facility, and knowing that severalThe Residents at WAYFINDER that assaulted Decedent until he died should have been removed from the facility months before the incident.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

17

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

d. COUNTY OF LOS ANGELES and WAYFINDER knew that the facility did not have the staff to resident ratio needed to safely restrain residents to prevent assaultive behavior, which allowed residents to regularly assault staff members unhindered.

e. COUNTY OF LOS ANGELES and WAYFINDER knew that residents consistently joined together and physically assaulted staff members.

f. COUNTY OF LOS ANGELES and WAYFINDER failed to institute any interventions to protect Decedent against the residents' assaultive behavior.

g. COUNTY OF LOS ANGELES and WAYFINDER knew that the residents placed at WAYFINDER, including those involved in the incident, were dangerous, violent, and prone to attack without reasonable justification, and to assault and batter persons, including staff.

h. COUNTY OF LOS ANGELES and WAYFINDER negligently and carelessly failed to follow up on behavior indicators in the residents, which would or might indicate neglect, including those residents involved in the incident. Said conduct resulted in COUNTY OF LOS ANGELES case workers failing to identify and address individuals who had been placed at the facility, but whose conduct and needs was beyond the ability of WAYFINDER to adequately monitor and control.

i. COUNTY OF LOS ANGELES and WAYFINDER knew that the continually assaultive behavior of the residents, including those involved in the incident, were caused or exacerbated by COUNTY OF LOS ANGELES and WAYFINDER creating or facilitating an operation designed to circumvent their legal duty to comply with applicable statutes and regulations, and by their actual failure to meet their obligations to the minors in a manner that constituted child abuse, neglect, gross negligence, and criminal conduct.

j. COUNTY OF LOS ANGELES and WAYFINDER knew of the extremely high risk of injury or death that David McKnight-Hillman would be subjected to, without instituting adequate interventions to protect against such behavior, and

COMPLAINT FOR DAMAGES

failing to develop a plan of care that addressed the increased risk COUNTY OF LOS ANGELES and WAYFINDER knew was imminent.

k. Said knowledge was exclusively in the possession of COUNTY OF LOS ANGELES and WAYFINDER and Plaintiffs had no such knowledge or opportunity to obtain true information.

l. Before the incident,Plaintiffs believed that Defendants' business operations were, as represented to them, properly run, in compliance with law, and that the care offered to residents was the care as defined in state regulations, and contract requirements.

m. Plaintiffs had no knowledge, that in fact, Defendants, had, as their routine custom and practice, insufficient treatment of residents and training of staff, which resulted in neglect of many of its residents, and violent attacks, which occurred regularly.

n. In fact, Defendants had repeatedly been cited for neglect of its residents, and they had knowledge and notice of their inability to provide care, which met applicable standards. Moreover, Defendants' corporate managing agents had notice of their widespread inability to provide adequate care as they were aware of the numerous 911 calls for assistance, complaints from staff, and ongoing physical assaults occurring between residents and by residents against staff.

o. Despite a rising volume of complaints, reports and investigations regarding physical assaults, and ongoing evidence of deficient care, Defendants continued to take on new residents thereby increasing the likelihood that more residents and staff members would be harmed.

p. COUNTY OF LOS ANGELES and WAYFINDER knew or should have known that their failure to address the critical needs and services of the particularly vulnerable residents with violent propensities would be detrimental and dangerous to those at the facility who the residents encountered.

q. Based in part on COUNTY OF LOS ANGELES and WAYFINDER's superior and exclusive knowledge concerning their inability to provide legally adequate care,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

and their intention not to provide such care, and based on their understanding that David McKnight-Hillman was not in a position to determine the true facts, but was relying upon the representations of Defendants, Defendants had a duty to disclose the fact they could not and would not provide adequate care to residents at the WAYFINDER facility, and that Defendants were repeat offenders of statutes designed to protect residents and staff. Defendants also owed a duty to inform Mr. McKnight-Hillman of any matter that its agents knew or should have known might endanger him.

52.     Plaintiffs are informed, believe, and thereon allege that COUNTY OF LOS ANGELES and WAYFINDER acted with the desire to cause the injurious consequences to Plaintiff and Decedent, or a belief that they were substantially certain to result. This desire is evidenced by the acts, omissions, deliberate indifference and conscious disregard to hazards, and conduct alleged herein above, but also includes but is not limited to the following equally abhorrent conduct:

a.  COUNTY OF LOS ANGELES knew or in the exercise of reasonable care, should have known that WAYFINDER was not adequately equipped to operate as an STRTP facility. Notwithstanding this knowledge, COUNTY OF LOS ANGELES negligently selected WAYFINDER as a contractor to implement the STRTP program on its behalf.

b.  COUNTY OF LOS ANGELES placed and WAYFINDER accepted residents with extensive histories of brutal violence, gang affiliation, criminality, and severe substance abuse, despite knowing WAYFINDER was not equipped to provide the services and resources it was mandated by law and obligated by contract to provide, to manage the mental, emotional, and antisocial symptoms and behaviors of the foster youth placed in WAYFINDER's STRTP program.

c.  COUNTY OF LOS ANGELES and WAYFINDER, in concert, placed the resident assailants involved in the incident at WAYFINDER, and as a result, placed David McKnight-Hillman in great danger of harm.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

d. Defendants willfully failed to provide the residents with adequate mental health treatment and social support while placing them in the care of staff with limited capability, training, and resources. Said conduct constituted child abuse, neglect, gross negligence, and criminal conduct.

e. During the years preceding the incident, there were hundreds of reports of children going missing from the WAYFINDER facility. The residents would often leave the facility in groups and were left unsupervised roaming the streets for hours.

f. There were more than 1,000 calls for service to local law enforcement originating from activities at WAYFINDER from January 2019 through May of 2020. In 2019 there were 603 calls for service, and from January 2020 to May of 2020 there were 347 calls for service. The volume of calls for service coming from WAYFINDER were so extreme that it placed an inordinate burden on the Marina Del Rey Sheriff's Station. This burden was so pronounced that on June 18, 2020, a collaboration meeting was conducted between WAYFINDER, COUNTY OF LOS ANGELES, and the Marina Del Rey Sherriff's Station to discuss the inordinate burden that the calls from The Wayfinder Facility placed on the Sherriff's Stations' resources. Some of the hundreds of calls for service to WAYFINDER leading up to the incident, include, but are not limited to the following:

    i. A complaint that WAYFINDER allegedly failed to immediately take a resident to the hospital after breaking his ankle due to inadequate staffing.

    ii. Complaints regarding residents with and under the influence of illegal substances.

    iii. Lack of supervision complains as a result of facility staff's inability or unwillingness to intervene in physical altercations between youth.

    iv. Complaints regarding residents repeatedly vandalizing the facility.

    v. Repeated reports of residents engaging in assaultive behavior and violent attacks towards staff members.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone, (323) 282-5280 Facsimile

g.  Several of the residents at the facility had a high risk of committing an act of violence, especially the residents who consistently used illegal drugs while at the facility, posing a major threat to the residents and staff. Several of the critical incidents of violence at the facility, including the incident that is the subject of this lawsuit, involved resident impairment by illicit and controlled substances, making the resident and the situation significantly more dangerous.

h.  In addition to calls for service to law enforcement, there were also numerous complaints lodged against WAYFINDER for its abysmal management and supervision of the facility and its complete failure to care for and supervise the residents placed in their care. Complaints lodged against WAYFINDER during the months preceding the incident include, but are not limited to, the following:

    i.  <u>February 06, 2020</u>: There was a complaint filed against the facility for lack of supervision. According to the CalHSS complaint history it was alleged that the facility staff were not providing adequate supervision to minor(s) in care because the minors in care had access to hazardous materials.

    ii.  <u>May 16, 2020</u>: It was reported that residents went missing from the facility. When the residents returned to the facility, they were under the influence of an unknown substance and began "displaying aggressive behavior" The residents broke into cars, vandalized the whole unit, broke cars. The residents' behavior was so aggressive that both the staff and law enforcement said that hands on / physical restraint was not an option, for the safety of residents, staff, and law enforcement. As a result of this incident, one of the resident's violently assaulted a staff member by punching and spitting on the staff. Law enforcement called paramedics to transport the resident who was "coming down from substances" and to assess him.

    iii.  <u>May 29, 2020</u>: It was alleged that a minor at WAYFINDER, was pinned against the wall and choked by a Facility Director.

22

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

iv. <u>December 3, 2020</u>: It was alleged that 4 of WAYFINDER's staff members were stabbed and injured by several of the residents. On the aforementioned date, ten of the residents went missing from the facility, consumed drugs and alcohol, and came back to the facility under the influence of intoxicating substances. They also brought drugs (marijuana and pills) and alcohol to the facility. The residents were consuming drugs and alcohol on the premises. Then all of them attacked and injured a minor resident. When the staff intervened, that is when the stabbing occurred.

v. <u>December 14, 2020</u>: Wayfinder Staff reported that for the past 2 months, the boys at the facility were attempting to break into the shelter in order to fight the older minors residing in the shelter. The report also stated that there was not enough staff in the shelter to ensure the safety of all of the minors and the staff had to protect an infant by hiding the infant in a closet.

i. The residents of WAYFINDER involved in the incident had an extensively documented history of physical violence at the facility, including violence against WAYFINDER staff members. Arising from this known history of violence of The Residents, 14-day notices to remove them were issued months prior to Decedent's death, yet the residents involved remained assigned to the facility on the day of the incident.

j. In addition to knowing that the residents involved in the incident should have been removed from the facility, COUNTY OF LOS ANGELES also knew or should have known that the residents' placement at WAYFINDER was either inappropriate in the first instance or became inappropriate at some time thereafter, but before the incident.

k. David McKnight-Hillman, who had not received training from WAYFINDER was a foreseeable and identifiable victim of The Residents' attack and the COUNTY OF LOS ANGELES and WAYFINDER failed to take reasonable steps to protect

1      him from imminent harm they created, which would not be reasonably apparent to,

2      and not anticipated by David McKnight-Hillman, thus demonstrating Defendants'

3      a deliberate indifference to Plaintiffs' constitutional rights.

4    53.    The injuries David McKnight-Hillman sustained as a result of the subject incident were the

5 proximate result of COUNTY OF LOS ANGELES and WAYFINDER's acts and omissions, as alleged

6 herein, which constituted recklessness, gross negligence, and demonstrated a conscious disregard and

7 deliberate indifference for the hazards and dangers they created to which they exposed David McKnight-

8 Hillman. Given the combination of The Residents' prior violent conduct, the regular and consistent

9 attacks against staff members, and the failure to adequately supervise The Residents, and the general

10 failure of Defendants to meet their statutory and contractual obligations, the death of David McKnight-

11 Hillman was foreseeable.

12 **THE INCIDENT**

13    54.    Plaintiffs are informed, believe, and thereon allege as follows. Two residents were involved

14 in a "play fight", when one of the residents was hit in his face, causing him to be upset. As a result, the

15 resident, who had a history of illegally taking Xanax while at WAYFINDER, went upstairs to his room,

16 took Xanax, and started vandalizing his room.

17    55.    Based on information and belief, the resident was cursing and appeared to be under the

18 influence of an intoxicating substance, when a WAYFINDER supervisor decided to leave the resident

19 alone in his room. Consequently, the resident broke his bedroom window leaving broken glass in the

20 bedroom, and he was throwing objects around the room.

21    56.    The WAYFINDER staff attempted to engage the resident about why he was upset, but he

22 refused to disclose, and went to level 1 of the facility and began destroying property, throwing food on the

23 floor, throwing pots and pans, spraying the fire extinguisher, knocking down the refrigerator and cursing

24 at staff.

25    57.    The resident's behavior continued to escalate, and he walked out of the facility, attempting

26 to break the doors to the Education Building, and was followed by a WAYFINDER staff member. The

27 staff member attempted to use crisis communication to de-escalate the resident, but the resident returned

28 to the facility, still escalated, and became further escalated when he went back upstairs to his bedroom

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

1   andfound that his bedroom door had been locked.

2   58.   A WAYFINDER supervisor and staff member informed him that his room was

3   temporarily closed for his safety until the broken glass in the room could be cleaned. The staff attempted

4   to de-escalate the resident and asked him to go on a walk outside to calm down. The resident followed the

5   staff outside, but then took off his shirt and attempted to hit the staff member.

6   59.   The staff member attempted to evade the resident who was trying to hit him, and he went

7   outside as the resident followed him. Several residents who witnessed this encounter, followed them

8   outside and encouraged the resident to hit the staff member. As a result, several WAYFINDER staff

9   members, including David McKnight-Hillman, followed the other residents outside and attempted to

10   redirect them back into the facility, and the residents refused.

11   60.   During the earlier stages of the incident the On-Call Therapist had been contacted, who

12   then travelled to the facility. When the On-Call Therapist arrived, the resident was yelling and cursing at

13   the staff. When the Therapist attempted to engage the resident, he was not receptive and began cursing at

14   and threatening the On-Call Therapist. The resident then hit a staff member when staff attempted to

15   restrain him so that he could not hit the staff anymore. Then in an effort to interfere with the restraint of

16   the assaultive resident, the other residents began to hit and push the staff members.

17   61.   During the incident, twenty-five-year-old David McKnight-Hillman was violently assaulted

18   by seven of the residents who proceeded to assault and batter David McKnight-Hillman, with force to his

19   person, which proved fatal. WAYFINDER was responsible for this violent assault and battery, and placed

20   David McKnight-Hillmanat risk of harm by creating this violent, explosive and dangerous situation,

21   intentionally, knowingly, and willfully violating the law, its obligations to the State and County with which

22   it contracted to treat the residents, intentionally placing the residents in a situation where their needs and

23   services were not met, thus making them more likely to be violent,  intentionally placing David McKnight-

24   Hillman in a dangerous position by intentionally failing to warn him of the dangers of the residents,

25   concealing the residents dangerous histories. WAYFINDER did so knowing that it was accepting

26   residents in its unequipped facility, solely to increase its profits, and in violation of the law and its duties.

27   In doing so, WAYFINDER intentionally and recklessly engaged in a felony, or aided and abetted in the

28   commission of a felony.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

62.     WAYFINDER failed to maintain the proper staff to resident ratio at the facility, which is necessary in order to properly perform a restraint on the residents who are violently assaulting the staff. As a result of WAYFINDER's reckless disregard for the safety of their frontline workers and the residents, during the brutal attack the staff members were unable to successfully assist David McKnight-Hillman who was a new trainee at WAYFINDER and had only been training for 10 days when the incident occurred.

63.     WAYFINDER failed to provide their staff or David McKnight-Hillman with adequate training to deal with the residents' assaultive behavior, which was imminent, making him especially vulnerable to residents with a known history of violence.

64.     The injuries Decedent sustained as a result of the subject incident were the proximate result of COUNTY OF LOS ANGELES and WAYFINDER's acts and omissions, as alleged herein, which constituted recklessness, gross negligence, and demonstrated a conscious disregard and deliberate indifference for the hazards and dangers they created to which they exposedDavid McKnight-Hillman. Given the combination of The Residents' prior violent conduct, the regular and consistent attacks against staff members, and the failure to adequately supervise The Residents, and the general failure of Defendants to meet their statutory and contractual obligations, the death of Decedent was foreseeable.

## WAYFINDER'S CONDUCT WAS A VIOLATION OF PUBLIC POLICY AND IT WAS CRIMINAL PER PENAL CODE SECTION 11164-11174

65.     Pursuant to the well-established, substantial, and fundamental public policy contained in the California Constitution, the Child Abuse and Neglect Reporting Act (California Penal Code Section §§11164 et. seq.), Title 22, Division 6, Group Hope Regulations Under the Community Care Licensing Division, 22 CCR §§ 88000 et. seq., the California Community Facilities Act (California Health & Safety §§1500 et. seq.). §1501, 1501(b)(5) et. seq., the California Health & Safety Code, the California codes and regulations that apply to interim licensing standards that govern short-term residential therapeutic program (Cal. Dept. of Social Services, STRTP ILS), as well as other codes and regulations that residents must be properly supervised, be protected, and not exposed to illegal drugs and illegal drug use, that residents are properly monitored, supervised, by staff that are properly trained, that staff and residents not be exposed to out of ratio situations with the ratio of residents and staff, that WAYFINDER report

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

instances of abuse and neglect with 24 hours, that WAYFINDER maintain a residence that complies with the law, including those regulations concerning its operation as an STRTP, that WAYFINDER provide a proper living and working environment for residents and staff.

66.     Despite knowledge of WAYFINDER's inability to care for its residents, and its incredibly dangerous method of running its facility, WAYFINDER continued to accept residents to its facility and the COUNTY OF LOS ANGELES continued to contract with WAYFINDER every year without making any effort to remedy the risk specifically associated with the facility. In doing so, WAYFINDER and the COUNTY OF LOS ANGELES knowingly placed countless residents and staff, like David McKnight-Hillman, in harm's way.

67.     By continually failing to address the compounding concerns related to resident care at their facility, Defendants knew that it was a high probability that their conduct would cause harm and they knowingly disregarded this risk. Despite being placed on specific notice of the repeated and significant shortcomings related to resident care at WAYFINDER, Defendants continued to operate the facility, without making the necessary changes to address these shortcomings in resident care and continued to funnel residents in need of critical mental-health care into the facility, further exacerbating the problems, of which they were already aware.

68.     WAYFINDER's failure to provide a facility free from violence and bodily harm was a violation of public policy. Public policy does not dictate that a residential treatment facility avoid liability if it is poorly, negligently, or recklessly operated. The County must reasonably draw a line somewhere in a residential treatment facility's continuum of conduct for the purpose of accountability.

69.     Public Policy precludes enforcement of an agreement that would remove an obligation to adhere to even a minimal standard of care.

70.     Gross negligence against developmentally and/or mentally disabled children who are placed at a facility designed for the needs of such children violates public policy. The conduct of COUNTY OF LOS ANGELES and WAYFINDER in their failure to meet their most basic obligations, as alleged herein and above, are in violation of public policy. Concealment of child abuse, neglect, gross negligence and criminal conduct is a violation of public policy.

71.     The conduct which Plaintiff complains of in this complaint, and which is alleged above,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

was carried out by WAYFINDER willfully, intentionally, and with oppression, malice, and fraud and was carried out with conscious disregard of Plaintiffs and David McKnight-Hillman's rights. The aforementioned conduct described hereinabove, was done with the advance knowledge by an officer, director and/or managing agent of WAYFINDER.

72.   The aforementioned conduct as described above and herein was authorized, ratified and/or committed by an officer, director, and/or agent of WAYFINDER.

## DEFENDANTS WERE MANDATED REPORTERS YET FAILED TO REPORT THE ABUSE/ SEVERE NEGLECT PER PENAL CODE SECTION 11164-11174.

73.   A mandated reporter shall make a report to an agency specified in Section 11165.9 whenever the mandated reporter, in his or her professional capacity or within the scope of his or her employment, has knowledge of or observes a child whom the mandated reporter knows, or reasonably suspects has been the victim of child abuse or neglect.

74.   Mandated reporters include but are not limited to:An administrator or employee of a public or private organization whose duties require direct contact and supervision of children.

a.   A licensee, an administrator, or an employee of a licensed community care or child day care facility.

b.   A licensing worker or licensing evaluator employed by a licensing agency as defined in Section 11165.11. Licensing agency means the State Department of Social Services office responsible for the licensing and enforcement of the California Community Care Facilities Act (Chapter 3 (commencing with Section 1500) of Division 2 of the Health and Safety Code), the California Child Day Care Act (Chapter 3.4 (commencing with Section 1596.70) of Division 2 of the Health and Safety Code), and Chapter 3.5 (commencing with Section 1596.90) of Division 2 of the Health and Safety Code),or the county licensing agency which has contracted with the state for performance of these duties, which is the COUNTY OF LOS ANGELES.

c.   An employee of a childcare institution, including, but not limited to, foster parents, group home personnel, and personnel of residential care facilities.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

d.  A social worker, probation officer, or parole officer.

75.    Any mandated reporter who fails to report an incident of known or reasonably suspected child abuse or neglect as required by this section is guilty of a misdemeanor punishable by up to six months confinement in a county jail or by a fine.

76.    Based on information and belief, despite being mandated reporters, WAYFINDER had a policy, custom, or practice of having supervisors discourage the reporting of child abuse and/or neglect in violation of mandated reporter laws.

77.    Defendants also failed to properly and/or adequately investigate the complaints and repeatedly failed to take appropriate action as mandated by the Welfare and Institutions Code sections and/or Department of Social Services ("DSS") regulations.

### COUNTY AND DCFSCUSTOM AND PRACTICE

78.    WAYFINDER is a private corporation operating a social services company through its contract with COUNTY OF LOS ANGELES and itsDCFS and is and was required at all times relevant to abide by the contractual requirements of the DCFS contract.

79.    Defendants COUNTY OF LOS ANGELES, DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR were at all relevant times, a policy-making authority for Defendant COUNTY OF LOS ANGELES and its DCFS, as it relates to the maintenance of policies, customs, and/or practices and training, supervision, and/or discipline of agents, employees, and subordinates of Defendants.

80.    Defendants COUNTY OF LOS ANGELES, DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR knew, or should have known, that they maintained inadequate policies, customs, and/or practices, and employees under their command, including Defendants DOES 1-200 and WAYFINDER, were inadequately trained, supervised, or disciplined resulting from their inadequate policies, customs, or practices.

81.    COUNTY OF LOS ANGELS, DCFS and itsSocial workers maintained a custom and practice of egregious behavior that has led to the critical injuries of several staff members and residents at WAYFINDER, despite the clear risks and physical attacks that resulted in the death of David McKnight-Hillman.

82.    At all times relevant, DCFS supervisors failed to provide proper training and re-training of

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

29

their case workers, despite having had specific knowledge of the case workers' failure in conducting child interviews and addressing residents' critical mental health needs. Despite the systematic failures, and all the significant reports that placed the children's safety and well-being into question, DCFS exhibited willful disregard by choosing to place them at a facility that did not provide the treatment, needs, or services that they required. DCFS failed to follow their own policies and left the children and staff in a dangerous environment.

83.     COUNTY OF LOS ANGELES and its DCFS failed to meet the State's standard of completing monthly check-in visits with the residents it placed at the facility. Upon information and belief, there was a consistent lack of oversight by DCFS supervisors, placing the youth and staff's safety in danger.

84.     COUNTY OF LOS ANGELES and its DCFS is duty-bound to monitor the activities of its licensed foster homes and otherwise comply with the strict regulations that govern its operation. At all times relevant, there was and did exist a custom and practice of deliberate indifference towards children by WAYFINDER and COUNTY OF LOS ANGELES, by failing to adhere to said statutes in the intake of reports of child abuse and neglect and reporting.

85.     WAYFINDER had a history of failing to disclose known violence, critical incidents, and blatant facility deficiencies at the direction of and per the custom and practice of DCFS. Consistent with WAYFINDER and DCFS custom and practice, WAYFINDER failed and/or refused to report incidents of violence, abuse and neglect, despite repeatedly witnessing, or learning of it, which placed David McKnight-Hillman at significant risk of injury and death. When the facility was evaluated, COUNTY OF LOS ANGELES and its DCFS' inspections of WAYFINDER were perfunctory, mostly, and typically did not include interviews with residents and staff, or extensive examinations of records.

86.     COUNTY OF LOS ANGELES and its DCFS unnecessarily risked the health and safety of children in its care because it did not consistently complete investigations,nor were the required needs and services plans for children completed on time, or accurately. As a result, children and staff were placed in unsafe and abusive situations for months longer than necessary.

87.     Auditors of COUNTY OF LOS ANGELES and its DCFS have found that the policies are inadequate and that it fails to consistently comply with many reviews of children's cases, and some

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

1  cases are never completed at all.

2      88.     Defendants COUNTY OF LOS ANGELES, DIRECTOR CAGEL and DEPUTY

3  DIRECTOR PRYOR, and DOES 1 through 40, were or should have been on notice of these policies,

4  customs, or practices, or the inadequacy of the policies, customs, or practices, through multiple sources.

5                              **CORRUPTION AND CONSPIRACY**

6      89.     Based on information and belief, COUNTY OF LOS ANGELES and WAYFINDER's

7  culture of corruption is pervasive. COUNTY OF LOS ANGELES put its DCFS in charge of regulating

8  WAYFINDER. COUNTY OF LOS ANGELES and WAYFINDER, together and in concert corruptly

9  conspired to ignore and violate statutory requirements and regulations to the detriment of the children in

10 their care, for the pecuniary benefit of WAYFINDER executives, and in a manner that they knew or

11 should have known would create an unreasonable risk of harm to others, including the children

12 themselves and the staff at WAYFINDER, including David McKnight-Hillman.

13     90.     Prior to David McKnight-Hillman's death, several of the residents had a significant

14 juvenile history of violence. Despite many of their violent criminal acts, the COUNTY placed them at an

15 inadequate facility, WAYFINDER, which Plaintiffs allege on information and belief, was due to budgetary

16 constraints.

17     91.     Plaintiffs are informed, believe, and thereon allege that the COUNTY OF LOS

18 ANGELES, by and through its supervisors, directors, managers, officers, employees and agents, did

19 maliciously and corruptly conspire to place, and did maliciously and corruptly actually place, the residents

20 and other extremely dangerous and violent residents with wanton indifference to consequences measured

21 and foreseen that such residents would commit violence, including violence against other residents of

22 WAYFINDER, and WAYFINDER staff, including David McKnight-Hillman(hereinafter the

23 "MALICIOUS/CORRUPT CONSPIRACY"). One motivation for the MALICIOUS/CORRUPT

24 CONSPIRACY was to have access to a facility to place or house the most difficult youth inthe custody of

25 COUNTY OF LOS ANGELES in a manner that did not require COUNTY OF LOS ANGELES to

26 actually comply with the mandates of state law concerning the provision of services to youth in their care,

27 which allowed it to operate an STRTP with little oversight and minimal consequences for the child abuse

28 which was occurring as a result of COUNTY OF LOS ANGELES' and WAYFINDER's knowing

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

31

1  violation of statutes and mandates, and in a manner that wouldsave costs so that the funds saved could

2  instead be used for other purposes that in some manner benefited COUNTY officials and employees, and

3  WAYFINDER.

4      92.    On information and belief, the COUNTY's said placement of the residents at

5  WAYFINDERwas done in furtherance of the MALICIOUS/CORRUPT CONSPIRACY.

6      93.    The COUNTY OF LOS ANGELES failed to warnDavid McKnight-Hillman that the

7  dangerous and violent juveniles were living at WAYFINDER.Absent any warning or protection, David

8  McKnight-Hillman could not take steps to protect himself and on January 2, 2021, David McKnight-

9  Hillman was brutally killed by severalof the facilities residents.

10 **FOR THE FIRST CAUSE OF ACTION**

11 **(By Plaintiff DAVID HILLMAN III Against BOBBY D. CAGLE, an individual, and VIRGINIA**

12 **PRYOR, an individual, and DOES 1 through 200 for Violations of Civil Rights**

13 **[42 U.S.C. § 1983])**

14 **(Based on Substantive Due Process Violations)**

15      94.    Plaintiff DAVID HILLMAN III re-alleges each and every allegation contained in the

16 preceding paragraphs and by this reference incorporates said paragraphs as though fully set forth herein.

17      95.    At all times relevant to the acts and omissions herein alleged, the Defendants DIRECTOR

18 CAGEL and DEPUTY DIRECTOR PRYOR, and other employees of the COUNTY OF LOS

19 ANGELES, including DOES 1 through 200 who are presently unknown to Plaintiff were employed by

20 the Defendant COUNTY OF LOS ANGELES, and were acting under color of state law and in the

21 course and scope of their employment with the Defendant COUNTY OF LOS ANGELES.

22      96.    By the actions described above, Defendants acting under color of state law in their

23 individual capacities, deprived David McKnight-Hillman of the rights, privileges, and immunities secured

24 by the First and Fourteenth Amendments by subjecting him, or through their deliberate indifference,

25 allowing others to subject him, to obviously dangerous conditions created by their affirmative actions that

26 greatly increased David McKnight-Hillman's exposure and risk to a violent attack, interfering with Plaintiff

27 and Decedent's right to familial association, and ultimately causing death.

28      97.    Plaintiff alleges that the Defendants as Children Social Workers and each of them, were

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

charged with mandatory duties to protect the residents and provide for their safety and welfare. They made intentional decisions which placed the residents, and Decedent at a substantial risk of suffering serious harm and did not take reasonable measures to abate that risk even though reasonable public employees and Children Social Workers employed by the DCFS in the circumstances would have appreciated the high degree of risk involved, making the consequences of the Defendants' conduct obvious.

98.     The listed Defendants knew, as described through this Complaint, that due to aggravating factors, such as  David McKnight-Hillman training at WAYFINDER for less than two weeks, their conspiracy with WAYFINDER to warehouse the most vulnerable youth in the foster care system at that facility, despite WAYFINDER's failure to ensure that the residents received proper mental health treatment, their failure to inform David McKnight-Hillman of their violent propensity, and their failure to train him for the imminent threat, put  David McKnight-Hillman at significant risk of serious harm. Defendants each further had actual knowledge of the grave danger the residents, staff and community posed by a potential, and by actual violent attacks at WAYFINDER. Defendants further had a duty not to place David McKnight-Hillman in a position of obvious or know danger created by their affirmative acts.

99.     The listed defendants actively ignored, delayed, and/or denied urgently needed measures and care necessary to maintain WAYFINDER free from county-created danger, placing residents and staff in a position of significantly enhanced danger of violence, as a result of failing to ensure their legally mandated mental health needs and services are being met. As a result of the Defendants' deliberate indifference to dangerous conditions created by their affirmative acts, Plaintiff and Decedent suffered damages and deprivation of constitutional rights, as described above.

100.     By the actions described above, the individually named Defendants violated 42 U.S.C. §1983, depriving Plaintiff and Decedent of the following well-settled constitutional rights that are protected by the First and Fourteenth Amendments to the U.S. Constitution:

    a.  Decedent's right to be free from exposure to a known or obvious danger created by state actors, acting with deliberate indifference to that danger, as secured by the Due Process Clause of the Fourteenth Amendment; and

    b.  The right to be free from wrongful government interference with familial relationships and

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

Plaintiff and Decedent's right to companionship, society, and support of each other, as secured by the First and Fourteenth Amendments.

101.    The acts of the Defendants that resulted in violations of the United States Constitution include, but are not limited to:

i.   Placing the minors/non-minor dependents with limited ability to communicate and protect themselves in a facility known for profiting from their increased funding, while recklessly disregarding their critical mental-health needs and services.

ii.  Not supervising the residential home by ensuring that Defendant WAYFINDER, the Short-Term Residential Therapeutic Program was fulfilling its obligations under law and contract with the DCFS to have contact visits with the residents and supervise their placement, WAYFINDER being required to report to the DCFS its observations and conclusions regarding the suitability of the placement.

102.    The COUNTY's training policies were not adequate to train its employees to handle the usual and recurring situations with which they must deal or to prevent violation of law by its employees.

103.    Defendants DIRECTOR CAGEL and DEPUTY DIRECTOR PRYORare liable for their individual conduct and decisions, for their conscious and deliberate failures to intervene, prevent, or stop the constitutional violations by others when Defendants were in a position to so intervene as such violations were occurring, and for their supervisory decisions that caused their subordinates to violate Plaintiff's and Decedent's rights.

104.    DIRECTOR CAGEL and DEPUTY DIRECTOR PRYORsubjected Plaintiff and Decedent to their wrongful conduct, depriving Plaintiff and Decedent of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff (Individually and on behalf of David McKnight-Hillman) and others would be violated by their acts.

105.    The above wrongful acts of DIRECTOR CAGEL and DEPUTY DIRECTOR PRYORwere the legal cause of Decedent's injuries and subsequent death. Decedent died as a result of the negligent, reckless and criminal conduct of Defendants' agents and servants, and Plaintiff has been damaged, by reason of the conduct of Defendants as alleged herein.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

106.    As a proximate result of the foregoing wrongful acts, Plaintiff sustained injuries and damages, as set forth above. Plaintiff is, therefore, entitled to compensatory damages in an amount to be proven at trial.

107.    In committing the acts alleged above, DIRECTOR CAGEL and DEPUTY DIRECTOR PRYORand DOE Defendants acted maliciously, oppressively, and/or with reckless disregard for the rights and safety of Plaintiff, David McKnight-Hillman and others, and by reason thereof, Plaintiff is entitled to punitive damages and penalties allowable under 42 U.S.C. § 1983, California Code of Civil Procedure §§ 377.20 et seq. and other state and federal law against DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR. Plaintiff does not seek punitive damages against the COUNTY OF LOS ANGELES.

108.    Plaintiff is also entitled to reasonable costs and attorney's fees under 42 U.S.C. § 1988.

### FOR THE SECOND CAUSE OF ACTION

**(By Plaintiff THE ESTATE OF DAVID MCKNIGHT-HILLMAN, Through Its Personal Representative, DAVID HILLMAN III, Against Defendant COUNTY OF LOS ANGELES and DOES 1 through 40 for Violations of Civil Rights [42 U.S.C. § 1983])**

**(Based on Unconstitutional Policy, Practice, or Custom)**

109.    Plaintiff re-alleges each and every allegation contained in the preceding paragraphs and by this reference incorporate said paragraphs as though fully set forth herein.

110.    This cause of action is brought on behalf of decedent David McKnight-Hillman, by and through THE ESTATE OF DAVID MCKNIGHT-HILLMAN, by and through its Personal Representative, DAVID HILLMAN III, who would, but for his death, be entitled to bring this cause of action, and is set forth herein to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to David McKnight-Hillman by the First and Fourteenth Amendment to the Constitution of the United States.

111.    Defendants COUNTY OF LOS ANGELES, DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR, acting under color of state law, maintain policies, customs, or practices permitting or deliberately indifferent to, or failed to maintain policies, customs, or practices, including training, supervision, and/or discipline, when it was obvious that such policies, customs, or practices were needed

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

1  to prevent, and were the moving force behind, the violation of Plaintiff's civil rights as alleged herein.

2      112.    Plaintiff is informed and believes, and thereupon alleges that at all times mentioned herein,

3  the Defendant COUNTY OF LOS ANGELES employed the individual Defendants DIRECTOR

4  CAGEL and DEPUTY DIRECTOR PRYOR, and other employees of the COUNTY OF LOS

5  ANGELES, who are presently unknown to Plaintiff.

6      113.    As set forth in the foregoing paragraphs of this Complaint, the DefendantsCOUNTY OF

7  LOS ANGELES, DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR, and other employees of

8  the COUNTY OF LOS ANGELES, who are presently unknown to Plaintiff, while acting under color of

9  state law and in the course and scope of their employment with the Defendant COUNTY OF LOS

10  ANGELES, deprived Plaintiff and Decedent of the following well-settled constitutional rights that are

11  protected by the First and Fourteenth Amendments to the U.S. Constitution:

12          c.    Decedent's right to be free from exposure to a known or obvious danger created

13                by state actors, acting with deliberate indifference to that danger, as secured by

14                the Due Process Clause of the Fourteenth Amendment; and

15          d.    The right to be free from wrongful government interference with familial

16                relationships and Plaintiffs' and Decedent's right to companionship, society, and

17                support of each other, as secured by the First and Fourteenth Amendments.

18      114.    Plaintiff is informed, believes, and thereon alleges that the conduct of COUNTY OF LOS

19  ANGELES, Defendants DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR, and the employees

20  of the COUNTY OF LOS ANGELES, as alleged herein, demonstrated a custom and practice todeprive

21  children with behavioral, emotional, and psychiatric impairments of their necessary treatment, needs and

22  services, as evidenced by the following specific actions and omissions of the COUNTY OF LOS

23  ANGELES, Defendants DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR, and employees of

24  the COUNTY OF LOS ANGELES, under their supervision and direction.

25      a.    Both prior to and at the time of David McKnight-Hillman'sdeath Defendants DIRECTOR

26            CAGEL and DEPUTY DIRECTOR PRYOR acted in flagrant contravention of these well-

27            established rules.

28      b.    Failed to or negligently investigated continued reports of abuse and neglect, pursuant to

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

COMPLAINT FOR DAMAGES

<u>Welfare and Institutions Code</u> Section 300 et seq.

c.   Failed to develop a mandatory "case plan", and failed to place a "300 hold" on the children, pursuant to Welfare and Institutions Code Section 300, et seq.;

d.   Failed to investigate or otherwise respond to the reported instances of child abuse and/or neglect of minor Plaintiffs, as mandated by Welfare and Institutions Code Sections 328, 16504(a), 16501(d), and/or 16501(f), and/or DSS Regulations 31-101, 31-105, 31-110, 31-115, 31- 120, and/or 31-125;

e.   Failed or refused to immediately respond to reports of abuse and neglect as required, inclusive of emergency referrals, despite the children being in imminent danger in violation of Welfare and Institutions Code Section 16501(f);

f.   Failed to provide adequate training and services to their social workers or case workers, in order that they could be "skilled in emergency response" in violation of DSS Regulation 31-101;

g.   DCFS case workers failed on multiple occasions to follow up on allegations and/or behavioral indicators which are suggestive of abuse, neglect, or exploitation, in violation of DSS Regulation 31-115;

h.   DCFS caseworkers failed or refused to accept reports of suspected child abuse and/or neglect of minor Plaintiffs and decedent, on multiple occasions and did not properly maintain a record of all reports received as mandated by Penal Code section 11165.9;

i.   Failed to properly conduct an assessment and develop a case plan as mandated by DSS Regulations 31-201, 31-205, 31-206, and/or Welfare and Institutions Code section 16501.1(d);

j.   Deliberately and with gross indifference, scoffed at reports of abuse and neglect where the social workers failed to remove residents from facility who were in need of mental health and behavioral care, therefore showing complete disregard for the safety of Decedent.

k.   Despite that Defendants received various reports of abuse and/or neglect of residents and observed some of the abuse and/or neglect. did not properly maintain a record of all reports received as mandated by Penal Code section 11165.9;

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

l.   neglect themselves, Defendants failed to conduct a basic evaluation of risks to determine whether an emergency situation existed in violation of Welfare and Institutions Code section 16504 and/or DSS Regulations at 31-101, 31-105, 31-110, 31-115, 31-120, and/or 31-128;

m.   Negligently and carelessly failed to properly train and supervise their employees, and DCFS workers;

n.   Failed to report suspected child abuse of decedent to appropriate authorities and failed to make initial reports or follow up reports within 36 hours of receiving said reports of abuse and/or neglect as mandated by Penal Code sections 11165.7, 11165.9 and 11166(a);

115.   Defendant COUNTY OF LOS ANGELES established and/or followed policies, procedures, usage, customs, and/or practices which were the moving force behind the violations of Plaintiff's constitutional rights, including those under the Fourteenth Amendment to the Constitution, such policies, procedures, usages, customs, and/or practices include, but are not limited to those set forth in this Complaint.

116.   Plaintiff is informed, believes, and thereon alleges that incidents involving injuries to persons caused by youth under the authority of the COUNTY OF LOS ANGELES, who were placed at The Wayfinder Facility, were common occurrences that were a recurring situation atThe Wayfinder Facility.

117.   Plaintiff is informed, believes, and thereon alleges that Defendants DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR, and employees of the COUNTY OF LOS ANGELES, under their supervision and direction who were responsible for implementing, enforcing, instituting, enacting, communicating, teaching, and/or causing to be taught the policies, procedures, regulations, statutes, and ordinances, knew, or in the exercise of reasonable diligence should have known, that the obvious consequences of the failure to implement, enforce, institute, enact, communicate, teach, and/or cause to be taught the policies, procedures, regulations, statutes, and ordinances set forth above, would result in individuals who were in the presence of the youth, especially those who were tasked with caring for the daily health, safety, and welfare of said youth, such as David McKnight-Hillman and those similarly situated, would suffer constitutional deprivations from the grave risk of harm they were exposed to in the presence of these troubled and at-risk youth. Despite knowing this, Defendants DIRECTOR CAGEL

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

and DEPUTY DIRECTOR PRYOR, and employees of the COUNTY OF LOS ANGELES, under their supervision and direction, and each of them, deliberately and consciously failed to, and did create a custom and practice of knowingly failing to implement, enforce, institute, enact, communicate, teach, and/or cause to be taught the policies, procedures, regulations, statutes, and ordinances set forth above.

118.    Plaintiff is informed and believes, and thereon alleges that the failure of the DEFENDANT COUNTY OF LOS ANGELES, DIRECTOR CAGEL, DEPUTY DIRECTOR PRYOR, and employees of the COUNTY OF LOS ANGELES, under their supervision and direction, to implement, enforce, institute, enact, communicate, teach, and/or cause to be taught the policies, procedures, regulations, statutes, and ordinances set forth above, and instead create and implement a custom and practice of knowingly failing to do so, caused David McKnight-Hillman to suffer Fourth Amendment violations resulting from the conduct of Defendants as alleged herein.

119.    As a direct and proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendants DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR, and other employees of the COUNTY OF LOS ANGELES, who are presently unknown to Plaintiff, David McKnight-Hillmanwas brutally attacked on January 2, 2021, and suffered general damages, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock humiliation, indignity, embarrassment, apprehension, and loss of enjoyment of life prior to his death the next day, all to his damage in a sum to be determined at trial.

120.    As a further proximate result of the wrongful, intentional, and malicious acts and omissions of the Defendants DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR, and other employees of the COUNTY OF LOS ANGELES, who are presently unknown to Plaintiff, David McKnight-Hillman suffered special damages and was required to employ, and did in fact employ, health care providers and/or medical practitioners to examine, treat, and care for him, and incurred expenses for emergent medical services and medical treatment and care prior to his death in an amount according to proof at trial.

121.    In addition, Plaintiff has incurred and will continue to incur, attorney's fees and costs and expenses, including those authorized by 42 U.S.C. § 1988, to an extent and amount subject to proof at trial.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone · (323) 282-5280 Facsimile

## FOR THE THIRD CAUSE OF ACTION

**(By All Plaintiffs, Against COUNTY OF LOS ANGELES, BOBBY D. CAGEL, VIRGINIA PRYOR, WAYFINDER FAMILY SERVICES,MIKI JORDAN, JAY ALLEN, ANI SARGSYAN and DOES 1 THROUGH 100 INCLUSIVE, for Violation of California Civil Code § 52.1 [Cal. Government Code §§ 815.2(a), 820(a)])**

122.   Plaintiffs re-allege each and every allegation contained in the preceding paragraphs and by this reference incorporate said paragraphs as though fully set forth herein.

123.   All claims asserted in this Cause of Action against the Defendant COUNTY OF LOS ANGELES are presented pursuant to the COUNTY OF LOS ANGELES' vicarious liability for the acts and omissions of its employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a), including, but not limited to DIRECTOR CAGEL and DEPUTY DIRECTOR PRYOR, and other employees of the COUNTY OF LOS ANGELES, who are presently unknown to Plaintiff.

124.   Plaintiffs are informed, believe, and thereon allege that by their acts, omissions, customs, and policies, Defendants COUNTY OF LOS ANGELES, WAYFINDER,MIKI JORDAN, JAY ALLEN, ANI SARGSYAN DIRECTOR CAGEL, DEPUTY DIRECTOR PRYOR, and DOES 1 through 100 acting individually and in concert, as described above, by threat intimidation, or coercion, interfered with, attempted to interfere with and violated Plaintiff DAVID HILLMAN III and Decedent David McKnight-Hillman's rights under California Civil Code § 52.1 and under the United States Constitution and California Constitution as follows:

a.   Decedent's right to be free from exposure to a known or obvious danger created by state actors, acting with deliberate indifference to that danger, as secured by the Due Process Clause of the Fourteenth Amendment;

b.   Decedent's and Plaintiff's right to be free from wrongful government interference with familial relationships and their right to companionship, society, and support of each other, as secured by the First and Fourteenth Amendments to the United States Constitution;

c.   The right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, as secured by the California Constitution,

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

40

1      Article 1, Section 1;

2      d.    David McKnight-Hillman's right to protection from bodily restraint, harm, or personal

3      insult, as secured by California Civil Code § 43;

4      e.    David McKnight-Hillman's right to have his life, safety and health protected, as secured by

5      California Labor Code section 6401.

6      125.    Defendants' violations of David McKnight-Hillman and DAVID HILLMAN III's due

7 process rights with deliberate indifference alone is sufficient to constitute violations of the Civil Rights

8 Act. Alternatively, separate from, and above and beyond, Defendants attempted interference, interference

9 with, and violation of David McKnight-Hillman's rights as described above, Defendants violated

10 Decedent Hillman's rights by the following conduct constituting threat, intimidation, or coercion:

11      a.    Requiring David McKnight-Hillman to work in conditions that Defendants created of

12      unnecessarily heightened danger by recklessly placing the residents at WAYFINDER,

13      failing to provide them, and/or monitor their mental health treatment.

14      b.    Intentionally and with deliberate indifference, doing and/or permitting subparagraph (a)

15      when it was also obvious that in doing so, Decedent's life was likely to end needlessly,

16      and/or that Plaintiffs' rights as Decedent's family also would be violated.

17      126.    To the extent this claim is based on a violation of Decedent's rights, it is asserted as a

18 survival claim. To the extent that the violations of rights were done to Plaintiff DAVID HILLMAN III, it

19 is asserted as his individual claim. To the extent the violations were done to both Decedent and Plaintiff, it

20 is asserted as both survival and individual claims.

21      127.    As a direct and proximate result of the Defendants violation of California Civil Code §

22 52.1 and of Plaintiffs' and Decedent's rights under the United States and California Constitutions and law,

23 Plaintiffs sustained injuries and damages, and against each Defendant named in this Count are entitled to

24 relief as set forth above, and punitive damages against all individual Defendants, and all damages and

25 penalties allowed by California Civil Code §§ 52 and 52.1 and California law, including three times actual

26 damages, and attorneys' fees.

27      **FOR THE FOURTH CAUSE OF ACTION**

28      **(By Plaintiff DAVID HILLMAN III Against Defendants COUNTY OF LOS ANGELES,**

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

41

BOBBY D. CAGEL, VIRGINIA PRYOR, and DOES 1 through 40 for Wrongful Death [Cal. Government Code §§ 815.2(a), 820(a), 814.4])

**(Based on Negligence of Employees and Independent Contractors)**

128.    Plaintiff re-alleges each and every allegation contained in the preceding paragraphs and by this reference incorporates said paragraphs as though fully set forth herein.

129.    All claims asserted in this Cause of Action against the Defendant COUNTY OF LOS ANGELES are presented pursuant to the COUNTY OF LOS ANGELES' vicarious liability for the acts and omissions of its employees undertaken in the course and scope of their employment pursuant to California Government Code §§ 815.2(a) and 820(a) and pursuant to the COUNTY OF LOS ANGELES' vicarious liability for the acts and omissions of its independent contractors pursuant to California Government Code § 814.4.

130.    Defendants had authority and the duty to act and care for, supervise and monitor the residents in their care, who were dependent Children under the jurisdiction of the Los Angeles County Superior Court, Juvenile Dependency Court and the County of Los Angeles Department of Children and Family Services. Defendants had a duty to supervise, monitor and provide parental support and protection to said Dependent Children, such as the residents. Furthermore, Defendants were mandated reporters under law. Defendants also had a duty to warn. The duty to warn arose from Defendants affirmative actions which created the harm to which David McKnight-Hillman was exposed and caused his death. The duty also arose from the special relationship that the COUNTY OF LOS ANGELES has to the residents who caused Decedent's injuries, and their exclusive knowledge of the dangerous and violent propensities of the children in Defendants' custody who caused David McKnight-Hillman's death.

131.    Plaintiff is informed and believes, that Defendants breached their duties of care to Decedent by acts and omissions alleged herein, including but not limited to, allowing the residents to cause physical injury, willingly use violence or force and/or engage in violence against those present at WAYFINDER; by failing to remove the residents pursuant to their obligations, failing to adequately hire, supervise and/or retain employees or staff to prevent said violent injury to Decedent, by failing to warn him of the residents' past violent physical injuries to staff, past violent and/or criminal behavior and propensities; by failing to tell or concealing from Decedent and Plaintiff that the residents were violent

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

and not receiving proper servicescare, supervision, oversight, and treatment.

132.     Defendants breached their duties to Plaintiff and Decedent by failing to adequately monitor and supervise the residents and/or stopping them from other violent acts against staff at WAYFINDER.

133.     The County's training policies were not adequate to train its employees to handle the usual and recurring situations with which they must deal or to prevent violation of law by its employees.

134.     The County was deliberately indifferent to the substantial risk that its training policies were inadequate to prevent violations of the law by its employees.

135.     Moreover, COUNTY OF LOS ANGELES, is vicariously liable for the acts and omissions of WAYFINDER that proximately caused David McKnight-Hillman's death, as alleged herein, pursuant to Government Code, Section 814.4. As alleged herein, WAYFINDER was an independent contractor of COUNTY OF LOS ANGELES, by and through its DCFS. Therefore, pursuant to Government Code, Section 814.4, COUNTY OF LOS ANGELES is liable for injury proximately caused by the tortious acts or omissions of WAYFINDER to the same extent that COUNTY OF LOS ANGELES would be subject to such liability if it were a private person.

136.     As a direct and proximate result of the acts and omissions ofDefendants, including their employees or agents, and each of them, as alleged herein, Plaintiff suffered general and special wrongful death damages in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of the Court.

137.     As a direct and proximate result of the aforesaid negligence and breach of duty, David McKnight-Hillman was violently attacked and killed. As a result of this wrongful death, Plaintiff sustained injuries in the form of loss of benefits, love, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support, all in an amount to be proven at trial.

### FOR THE FIFTH CAUSE OF ACTION

**(By Plaintiff DAVID HILLMAN III Against COUNTY OF LOS ANGELESand DOES 1 through 20, inclusive, for Wrongful Death) [Cal. Government Code § 815.6]**

**(Based on Failure to Perform a Mandatory Duty)**

138.     Plaintiffs re-allege each and every allegation contained in the preceding paragraphs and by

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

this reference incorporate said paragraphs as though fully set forth herein.

139.    Defendants owed a duty to decedent under the accepted standards of care required of welfare workers, the Welfare and Institutions Code sections and/or Department of Social Services ("DSS") regulations set forth below and Child Welfare Code as set forth specifically herein. Defendants COUNTY had a mandatory duty to comply with the California Department of Social Service Regulations including but not limited to Sections 31-325 and 31-330 include periodic monitoring of the parent/guardian and or the Out of Home Care Provider (Sections 31-325.1 and 31-330); the purpose of which is to monitor and assess the quality of care provided including the location and safety of the child and the ability of the caretaker to meet the child's basic and special needs. (Sections 31-325.1, 31-325.11 et. seq., 31-325.2, 31-330, 31-330.1 and 31.330.11 et seq.) Said mandatory duties as set forth in California Department of Social Services Regulations Sections 31-320, 31-325 and 31-330 set forth mandatory duties so that Dependent Minors and Non-Minors are protected.

140.    Defendants also had the mandatory duty under <u>Penal Code</u> Section 11164 et. seq., as Child Care Custodians and Mandatory Reporters to report suspected child abuse when they had a reasonable suspicion that said physical and/or emotional abuse was occurring.

141.    Defendants knew of the misconduct occurring at WAYFINDER.COUNTY OF LOS ANGELES, DCFS, and DOES 1-100, despite receiving numerous reports and evidence of abuse and neglect of residents and staff at the facility, breached their statutory and common law duty of care derived from accepted standards of care required in one or more of the following ways:

      a.    Failed to or negligently investigated continued reports of abuse and neglect, pursuant to Welfare and Institutions Code Section 300 et seq.;

      b.    Failed to investigate or otherwise respond to the reported instances of child abuse and/or neglect of decedent, as mandated by Welfare and Institutions Code Sections 328, 16504(a), 16501(d), and/or 16501(f), and/or DSS Regulations 31-101, 31-105, 31-110, 31-115, 31-120, and/or 31-125;

      c.    Failed to provide adequate training and services to their social workers or case workers, in order that they could be "skilled in emergency response" in violation of DSS Regulation;

      d.    Failed to properly conduct an assessment and develop a case plan as mandated by DSS

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

Regulations 31-201, 31-205, 31-206, and/or Welfare and Institutions Code section 16501.1(d);

e.  Failed to conduct a basic evaluation of risks to determine whether an emergency situation existed in violation of Welfare and Institutions Code section 16504 and/or DSS Regulations at 31-101, 31-105, 31-110, 31-115, 31-120, and/or 31-128;

f.  DCFS supervisors failed to train and adequately supervise their employees, and DCFS workers to accept calls of abuse;

g.  Failed to take actions to protect residents as mandated by Welfare and Institutions Code sections 16504(a), 16501(d), and/or 16501(f),and;

h.  Negligently and carelessly failed to properly train and supervise their employees

142.   Defendants were further complicit with WAYFINDER in the neglect of the residents, which COUNTY OF LOS ANGELES DCFS placed at The Wayfinder Facilityultimately resulting in the death of David McKnight-Hillman. Defendants also failed to adequately and properly investigate information they received concerning deficiencies and serious incidents that occurred at The Wayfinder Facility. In their investigations Defendants' failures included, but were not limited to: failing to conduct adequate interview of relevant persons; failing to review available information from DCFS concerning the history of the placed residents; failed to adequately coordinate with law enforcement, violating their own policies and/or engaging in acts consistent with their inadequate policies, procedures, customs, and practices; failing to complete forms and use tools available for the management of the placed resident's services (including the Structured Decision Making Tool). All these failures existed because of Defendants' decisions and conduct, and Defendants failed to address the hazards and unsafe conditions that their acts and omissions created for youth placed at The Wayfinder Facility and for the staff who encountered those youth.

143.   As a direct and proximate result of the acts and omissions of Defendants, including their employees or agents, and each of them, as alleged herein, Plaintiff suffered general and special wrongful death damages in an amount not yet ascertained, but which exceeds the minimum jurisdictional limits of the Court.

144.   As a direct and proximate result of the aforesaid negligence and breach of duty, David

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone - (323) 282-5280 Facsimile

McKnight-Hillman was violently attacked and killed. As a result of this wrongful death, Plaintiff sustained injuries in the form of loss of benefits, love, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support, all in an amount to be proven at trial.

### FOR THE SIXTH CAUSE OF ACTION

**(By Plaintiffs DAVID HILLMAN III, THE ESTATE OF DAVID MCKNIGHT-HILLMAN by and through its Personal Representative DAVID HILLMAN III Against COUNTY OF LOS ANGELES,BOBBY D. CAGEL, VIRGINIA PRYOR, WAYFINDER FAMILY SERVICES,MIKI JORDAN, JAY ALLEN, ANI SARGSYAN and DOES 1 THROUGH 100, Inclusive)**

**(Based on Fraud / Civil Conspiracy to Commit Fraud)**

145.    Plaintiffsre-allege each and every allegation contained in the preceding paragraphs and by this reference incorporate said paragraphs as though fully set forth herein.

146.    Defendants, and each of them, intentionally misrepresented, deceived, and concealed material facts known to Defendants, with the intent to deprive Plaintiffs and Decedent of their legal rights.

147.    Based on information and belief, employees for Defendants intentionally failed to provide the residents with the necessary mental health, behavioral, emotional treatment, or needs and services they needed, despite their known violent propensity and attacks against WAYFINDER staff members.

148.    Defendants also failed to properly document violent incidents at the facility or address the needs and services of the residents at WAYFINDER. The Defendants failed to take the necessary steps to address the threats of violence by removing the residents. This was done to conceal material facts as to their involvement and liability as it results to the residents' conduct, and Decedent's subsequent death.

149.    Defendant engaged in the conduct described herein with malice, oppression, and/or fraud. Defendants intended to cause injury to Plaintiffs and Decedent or otherwise engaged in the described despicable conduct with a willful and conscious disregard for the rights or safety of Plaintiffs and Decedent. Defendants intentionally misrepresented, deceived, and/or concealed the true nature of the resident's care and the operations at WAYFINDER, with the intention of depriving Decedent of the rights to be free from violence.

150.    Based on information and belief, multiple people had percipient knowledge of the

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

residents mental and behavioral needs that were not being properly documented, which indicated abuse and/or neglect was being committed against the vulnerable residents at WAYFINDER, resulting in consistent instances of violence against staff members and other residents at the facility. Yet, Defendants violated their statutory duty to promptly, consistently, and thoroughly report it.

151.    Defendants received multiple reports over the course of several years regarding multiple injuries, abnormal behavior, suspicious surrounding circumstances that indicated the residents were abused and/or neglected., making them more likely to cause harm to those they encounter. Yet, they violated their statutory obligations by refusing to investigate or take any action to protect the residents and staff including seeking removal of residents from the facility, and/or properly supervising residents, and reporting the instances inadequate placement, neglect and abuse toDCFS.

152.    At all relevant times, the officers, directors, and/or managing agents of Defendants authorized and/or ratified the conduct of their agents and/or employees as described herein. Said officers, directors, and/or managing agents had actual notice of the events and circumstances throughout the years, months and even weeks leading up to the subject incident. Moreover, Plaintiffsare informed, believes, and there upon alleges that Defendants actively worked to misrepresent their operations to state regulators, actively worked to conceal their abuse of minors in their care and/or custody, actively worked to conceal their failure to meet state mandated obligations, actively worked to conceal the criminal conduct with was perpetrated in connection with their operation of the STRTP at WAYFINDER, and did so in part to procure a material benefit to Defendants, some of those benefits pecuniary in nature.

153.    Defendants knew or should have known that the abuse and/or neglect of minor and non-minor residents with critical mental health, behavioral, and emotional needs would result in the severe injuries that Decedent suffered. Defendants consciously disregarded the rights and safety of the residents, and all those who encounter the residents.

154.    As a direct and proximate result of the willful, malicious, conscious, extreme, and outrageous conduct of Defendants including its employees or agents, and each of them, as alleged herein Plaintiffs and Decedentsustained injuries and other damages as set forth above in this Complaint.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

155.    As a result of Defendants acts and omissions as alleged herein, Plaintiffs are entitled to an award of exemplary damages, according to proof at trial. However, Plaintiffs do not allege nor request an award of punitive damages against Defendant COUNTY OF LOS ANGELES.

## FOR THE SEVENTH CAUSE OF ACTION

**(By Plaintiffs DAVID HILLMAN III, THE ESTATE OF DAVID MCKNIGHT-HILLMAN by and through its Personal Representative DAVID HILLMAN III Against WAYFINDER, MIKI JORDAN, JAY ALLEN, ANI SARGSYAN FAMILY SERVICES for Wrongful Death)**

(Based on Fraudulent Concealment)

156.    Plaintiffs hereby re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs and by reference incorporate said paragraphs as though fully set forth herein.

157.    While David McKnight-Hillman was present at The Wayfinder Facility, Plaintiffs trusted WAYFINDER to faithfully fulfill and observe their duties to provide residential care. When David McKnight-Hillmanbegan training at The Wayfinder Facility, WAYFINDER knew that according to their plan to increase revenues at the expense of residents, WAYFINDER's operation of The Wayfinder Facility was not designed, administered or funded to comply with statutory and regulatory responsibilities or to provide adequate care to the high-risk residents in its care.

158.    Instead, WAYFINDER knew, or should have known, that its operation ofThe Wayfinder Facility was designed to circumvent their legal duty to comply with applicable statutes and regulations, so as to maximize revenues, by diverting funds intended for use to provide necessary services to residents at The Wayfinder Facility's STRTP Program to other uses.

159.    The knowledge was exclusively in the possession of WAYFINDER and David McKnight-Hillmanhad no such knowledge and no opportunity to obtain true information.

160.    David McKnight-Hillman believed that WAYFINDER's business operations were, as represented by him, properly run in compliance with law, and that the services offered to residents were the services as defined by state regulations.

161.    Plaintiffs had no knowledge that WAYFINDER had, as a routine practice, insufficient and unqualified staff members, which resulted in physical abuse and neglect of many of its residents. In fact, WAYFINDER had been repeatedly cited by the Department of Health Services for the abuse and neglect

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

of its residents, and they had knowledge and notice of their inability to provide services which met applicable standards. Moreover, WAYFINDER's corporate managing agents had notice of its widespread inability to provide adequate care as they were aware of hundreds of 911 calls for assistance and ongoing physical assaults occurring against staff and residents at the Wayfinder Facility. WAYFINDER's corporate managing agents had been specifically informed of the physical assaults occurring between residents and staff.

162.    Despite a rising volume of complaints and investigations regarding assaults, and ongoing evidence of deficient provision of services, WAYFINDER continued to take on new residents with acute needs, thereby increasing the likelihood that even more violence would take place at the Wayfinder Facility.

163.    Based in part on their superior and exclusive knowledge concerning their inability to provide legally adequate services, and their intention not to provide such services, and based on their understanding that David McKnight-Hillman, having been training at The Wayfinder Facility for only 10 days, was not in a position to determine the true facts, but was relying upon the representations of WAYFINDER, who had a duty to disclose the fact that they could not, and would not provide adequate services to the residents, nor adequate training to their staff, and that WAYFINDER was a repeat offender.

164.    WAYFINDER attempted to conceal major acts or deception such as: failing to disclose that the residents were not receiving the necessary mental health treatment, that the residents had homicidal tendencies, and that WAYFINDER was not running the facility in compliance with legislation and statutory mandates.

165.    In these actions, and many others, WAYFINDER committed Fraud against Plaintiffs, and the community.

166.    As a direct and proximate consequence of WAYFINDER's willful, unlawful actions, Plaintiff suffered damage in an amount to be determined at trial.

167.    In engaging in these unlawful actions, WAYFINDER acted willfully, maliciously, fraudulently, and oppressively, with the wrongful intent of harming Plaintiffs and Decedent, and for an improper and evil motive amounting to malice, with conscious disregard for the rights and welfare of

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1   Plaintiffs, Decedent, and others.

2   168.   As a direct and proximate result of the aforesaid negligence and breach of duty, David

3   McKnight-Hillman was violently attacked and killed and suffered economic and non-economic damages

4   as a result. As a result of this wrongful death, Plaintiffs sustained injuries in the form of loss of benefits,

5   love, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral

6   support, all in an amount to be proven at trial.

7   169.   As a result of Defendants acts and omissions as alleged herein, Plaintiffs are entitled to an

8   award of exemplary damages, according to proof at trial.

9   <u>**FOR THE EIGHTH CAUSE OF ACTION**</u>

10   **(By Plaintiffs DAVID HILLMAN III and THE ESTATE OF DAVID MCKNIGHT-HILLMAN,**

11   **by and through its Personal Representative DAVID HILLMAN III, Against Defendant**

12   **WAYFINDER FAMILY SERVICES,MIKI JORDAN, JAY ALLEN, ANI SARGSYAN and DOES**

13   **41 through 100, inclusive)**

14   **[Business and Professions Code Section 17200, et seq.])**

15   **(Based on Unfair Business Practices)**

16   170.   Plaintiffsre-allege each and every allegation contained in the preceding paragraphs and by

17   this reference incorporate said paragraphs as though fully set forth herein.

18   171.   Plaintiffs brings this cause of action as a private attorney general, and on behalf of

19   members of the general public pursuant to section 17200 et seq., of the Business and Professions Code,

20   and the laws of equity. The conduct of WAYFINDER engaged in as alleged above has been and

21   continues to be, deleterious to the general public. Plaintiffsare seeking to enforce important rights

22   affecting the public interest within the meaning of Code of Civil Procedure § 1021.5, and requests

23   injunctive and equitable relief as the Court deems appropriate.

24   172.   California Business & Professions Code § 17200 et seq. prohibits unfair competition in

25   the form of any unlawful, unfair, deceptive, or fraudulent business practices.Plaintiffs are informed and

26   believes and on that basis alleges that Defendants, and each of them, have engaged, continue to engage,

27   and will continue to engage in a pattern of unlawful and unethical conduct, as stated above, and the

28   fraudulent, deceitful, deceptive, and abusive practices and conduct, as stated above, and as to Defendant

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

WAYFINDER's violation, and as to violations by Defendants' employees and agents, of laws, statutes, ordinances, regulations and/or codes as stated above. Further Defendants have never taken adequate measures to remedy its unlawful conduct and fraudulent, deceitful, deceptive, and abusive practices and conduct as stated above.

173. Defendants committed unlawful, unfair, deceptive, and/or fraudulent acts defined as California Business & Professions Code § 17200. Defendants' unlawful, unfair, deceptive, and/or fraudulent business practices include, without limitation, intentionally making misleading representations about the nature of their services while knowing that public entity funds reasonably relied on such representations in selecting WAYFINDER for its services. Additionally, collecting an increase in funding to provide STRTP services to residents with high acuity needs, yet failing to provide the residents with the critical mental-health, emotional, and behavioral services they need, which resulted in consistent violent attacks against staff and residents at the facility, and the assault and battery of David McKnight-Hillman.

174. Defendant WAYFINDER violated public policies contained in numerous statues, codes, regulations, and ordinances, as stated above, and Defendant WAYFINDER willfully failed to remedy the violations.

175. Defendant WAYFINDER knew or reasonably should have known that its managers, supervisors, and/or employees engaged in unlawful, fraudulent, deceitful, and/or abusive, conduct as stated above, and failed to do anything to prevent the conduct and practices, but instead discouraged employees from reporting incidents or complaining about them.

176. Defendant WAYFINDER's managers, supervisors, and/or employees who failed to act to comply with law and prevent unlawful, fraudulent, deceitful, and/or abusive conduct as stated above, without proper training will continue to do so.

177. Defendant WAYFINDER's actions and failures to act, as described above, constitute ongoing and continuous unfair business practice, and unless restrained from doing so, WAYFINDER will continue to engage in said unfair business practices and/or fail to remedy conditions creating unfair business practices. Thus, WAYFINDER's conduct and practices will continue to harm and damage the public.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 232-5280 Facsimile

178.   Defendant WAYFINDER's business practices as stated above, injured and harmed the general public, and will continue to cause injury to the general public who has no adequate remedy at law. Relief for damages alone for Defendant WAYFINDER's continuing unlawful business practices would require a multiplicity of lawsuits.

179.   As a direct, foreseeable, and proximate result of WAYFINDER's conduct, as alleged above, damages will continue to the public without appropriate injunctive and equitable relief.

180.   Plaintiffs request that WAYFINDER beenjoined from operating a facility until its employees receive the necessary training, and WAYFINDER has offered sufficient guarantees, which will result in the cessation of the unlawful, fraudulent, deceitful, and/or abusive conduct as stated above.

181.   As a result of the unlawful and/or unfair and/or fraudulent business practice, WAYFINDER reaped unfair benefits and illegal profits at the expense of the foster system's most vulnerable youth. Plaintiffs request damages and/or restitution of all monies and profits from WAYFINDER's unfair business practices be disgorged from WAYFINDER and returned to affected consumers and customers.

182.   Plaintiffs have had to employ an attorney to prosecute this action and has thereby incurred costs and attorney fees. Such attorney's fees and costs are necessary for the prosecution of this action for which Plaintiff is entitled to an award of attorneys' fees and costs in an amount according to proof pursuant to C.C.P. § 1021.5 and/or the private attorney general doctrine.

183.   WAYFINDER residents unlawfully physically and violently assaulted David McKnight-Hillman by the harmful and offensive touching of the person of David McKnight-Hillman, causing his substantial personal physical and emotional injuries.

184.   Defendant WAYFINDER knew of such assaults taking place at the Wayfinder Facility yet ratified such violent physical assaults by "covering up" the occurrences, not reporting the assaults to licensing authority, altering records, inaccurately, untruthfully and with purposeful deceit, inaccurately reporting the medical conditions and treatment of the residents for the sole express purpose of "covering up" the willful and violent assaults against those at the Wayfinder Facility.

185.   WAYFINDER's managerial agents knew that the above-described pattern, history and atmosphere of abuse and neglect existed at the WayfinderFacility, had knowledge of the continuous and

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

repeated nature for physical abuse, battery, and neglect, and had knowledge that adequate corrective actions had not been taken and/or implemented to address or prevent the continued pattern of abuse and neglect at the Wayfinder Facility.

186.    As a result of the incident and Defendants acts and omissions as alleged herein, Plaintiffs suffered economic and non-economic damages according to proof at trial. Plaintiff The Estate's Decedent David McKnight-Hillman suffered physical injury which ultimately resulted in his death, and resulted in him suffering economic and noneconomic damages according to proof at trial. Also, Plaintiff DAVID HILLMAN III suffered economic and non-economic wrongful death damages according to proof at trial.

187.    As a result of Defendants acts and omissions as alleged herein, Plaintiffs are entitled to an award of exemplary damages, according to proof at trial.

## FOR THE NINTH CAUSE OF ACTION

**(By Plaintiffs DAVID HILLMAN III, THE ESTATE OF DAVID MCKNIGHT-HILLMAN by and through its Personal Representative, DAVID HILLMAN III, against Defendant WAYFINDER FAMILY SERVICES, MIKI JORDAN, JAY ALLEN, ANI SARGSYAN and DOES41 through 100 for Wrongful Death)**

**(Based on Gross Negligence Arising from Negligence Per Se; Negligent Hiring, Training, Supervision, and Retention; and Negligent Undertaking)**

188.    Plaintiffs re-allege each and every allegation contained in the preceding paragraphs and by this reference incorporate said paragraphs as though fully set forth herein.

189.    WAYFINDER had the duty to act and care for, supervise and monitor the residents who were Dependent Children under the jurisdiction of the Los Angeles County Superior Court, Juvenile Dependency Court and the County of Los Angeles Department of Children and Family Services.

190.    Due to the unique status and access afforded to WAYFINDER's employees, staff and independent contractors over the residents, WAYFINDER owed a duty of care in the selection of such employees and agents and thereafter to properly train, monitor, supervise, and control such employees and agents to protect them and the minor residents from an unreasonable risk of harm. WAYFINDER was required to supervise, evaluate, and train all WAYFINDER's staff before they could supervise the

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

residents and, on an ongoing basis, to ensure that they had the appropriate skills necessary to supervise the residents in its care. WAYFINDER's training had to include training on the facility's policies and procedures. WAYFINDER was also required to ensure all staff received training on non-physical interventions, and strategies to de-escalate a situation. WAYFINDER further owed a duty to its residents to create policies and procedures to protect its residents and staff and to ensure that such policies and procedures were fully and consistently followed.

191.    Upon information and belief, COUNTY OF LOS ANGELES, and WAYFINDER knew, or in the exercise of reasonable caution, should have known that, among other things, staff were neither sufficient in quantity, training, and/or supervision to provide adequate services for residents with intensive needs, without presenting an unreasonable risk of harm to the residents or staff, and that their policies and procedures were insufficient, or inconsistently followed, exposing David McKnight-Hillman and Plaintiffs to the harm alleged herein.

192.    WAYFINDER negligently failed to properly train, regulate, control, or supervise their employees and agents in the proper exercise of their tasks in a residential facility for vulnerable and at-risk children.

193.    WAYFINDER was in violation of many codes and statutes as explained above. These violations constitute negligence per se pursuant to Cal. Evid. Code § 669 and were a substantial factor in bringing about Plaintiffs' injuries and damages, and the premature death of Decedent David McKnight-Hillman.

194.    By virtue of David McKnight-Hillman's relationship with WAYFINDER, Defendants owed Plaintiffs a duty to hire, train, retrain, including, but not limited to, principals, facility supervisors, counselors, and security personnel, who would take adequate measures given the residents' dangerous propensities and prior acts of violence toward other residents and staff, which they would have or should have been aware of.

195.    WAYFINDER also had a duty to take reasonable steps to eliminate and warn of the risks and dangers posed by the violent risks of danger at WAYFINDER.

196.    It was reasonably foreseeable that by failing to perform any or all duties set forth herein, the residents at the facility would violently assault and batter David McKnight-Hillman.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone. (323) 282-5280 Facsimile

197.     Plaintiffs are informed and believe, and on that basis allege, that at no time prior to this incident, did WAYFINDER have in place a system or procedure to reasonably investigate, supervise, hire, train, and retrain staff, and personnel to prevents the residents from further acts of violence, or to prevent acts of violence and/or monitor the residents at the facility to prevent further injuries to those they encountered.

198.     Plaintiffs are informed, and believe, and on that basis allege, that WAYFINDER was put on notice, and should have known that residents who injured David McKnight-Hillman had dangerous propensities and had a violent past, and that failing to adequately address their mental health, behavioral and emotional needs would result in further acts of violence, and that it was, or should have been foreseeable that the residents would violently assault and better David McKnight-Hillman.

199.     WAYFINDER was placed on actual and/or constructive notice that the residents who violently assaulted David McKnight-Hillman engaged in dangerous propensities at the Wayfinder Facility. WAYFINDER also had reason to know that the residents had previously engaged in dangerous and violent conduct against WAYFINDER staff, and that it was, or should have been foreseeable that they would engage in dangerous conduct again against someone training to become a staff member.

200.     WAYFINDER's negligence was a direct and proximate cause of the subject incident and the injuries and death of David McKnight-Hillman and damages of Plaintiffs.

201.     The acts, omissions, and/or negligence of WAYFINDER was a substantial factor in causing David McKnight-Hillman's injuries and resulting death and harm to Plaintiffs and the direct and proximate cause of the injuries and damages sustained by Plaintiffs.

202.     As a further, proximate result of the acts, omissions and negligence of WAYFINDER, Plaintiffs have incurred the injuries and damages as set forth herein.

203.     WAYFINDER acted with oppression, fraud and malice in that, among other things, they acted with the willful and conscious disregard for the rights and safety of Plaintiffs.

204.     WAYFINDER through its officers, agents, and employees were in violation of many codes and statutes as explained above. These violations constitute negligence per se pursuant to Cal. Evid. Code § 669 and were a substantial factor in bringing about Plaintiffs' injuries and damages, and the premature death of David McKnight-Hillman.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

COMPLAINT FOR DAMAGES

205.    The conduct of WAYFINDER, its employees and agents was fraudulent, in that each of them engaged in intentional misrepresentation, deceit, or concealment of material facts known to them, including that the residents lacked the necessary treatment and services, making them more likely to be violent. That information was fraudulentlywithheld from Plaintiffs.

206.    WAYFINDER, and each of their employees' and/or agents' egregious conduct, including malice, oppression and fraud, were substantial factors in causing the incident and the Plaintiffs' injuries and/or damages. An officer, a director, and/or a managing agent of WAYFINDER and each of them, authorized the employees' or agents' wrongful conduct, and/oradopted, ratified or approved the conduct after it occurred. An award of punitive damages in a sum according to proof at trial is, therefore, justified, warranted and appropriate under the facts and circumstances of this case, and to punish or set an example of Defendants and deter such behavior by Defendants and others in the future.

207.    As a direct and proximate result of the aforesaid negligence and breach of duty, David McKnight-Hillman was violently attacked and killed resulting in economic and non-economic damages to David McKnight-Hillman and The Estate of David McKnight-Hillman. As a result of this wrongful death, Plaintiff DAVID HILLMAN III sustained injuries in the form of loss of benefits, love, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support, all in an amount to be proven at trial.

208.    Moreover, arising from Defendants' conduct, acts, and omissions, as alleged herein, Plaintiffs are entitled to an award of exemplary punitive damages, according to proof at trial.

## FOR THE TENTH CAUSE OF ACTION

**(By PlaintiffTHE ESTATE OF DAVID MCKNIGHT-HILLMAN, acting by and through its Personal Representative, DAVID HILLMAN III, against Defendant WAYFINDER FAMILY SERVICES,MIKI JORDAN, JAY ALLEN, ANI SARGSYAN and DOES41 through 100 for**

**Survival Causes of Action)**

**(Assault and Battery)**

209.    Plaintiff incorporates by reference each and every allegation contained in the foregoing paragraphs.

210.    David McKnight-Hillman was assaulted and battered by the residents at the

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

56

WayfinderFacility. WAYFINDER is liable for the assault and battery, *inter alia,* because WAYFINDER knowingly and willfully put David McKnight-Hillman in the position of being assaulted and did so by knowingly and willfully violating the law, ratifying illegal conduct, and aiding and abetting in this felonious conduct.

211.    WAYFINDER, at the time of the subject injury set forth in this complaint had the authority and the duty to act and care for, supervise and monitor the residents, who were Dependent Children under the jurisdiction of the Los Angeles County Superior Court, Juvenile Dependency Court and the County of Los Angeles Department of Children and Family Services. WAYFINDER had the duty to supervise, monitor, and provide mental-health treatment to the residents. Furthermore, WAYFINDER was a mandated reported under California law.

212.    In engaging in the conduct described above WAYFINDER and the residents intended to cause or place David McKnight-Hillman in great apprehension of immediate harmful and/or offensive contact with his person.

213.    WAYFINDER knew that the residents had thepropensity to assault, batter and injure, those present at the Wayfinder Facility, such as David McKnight-Hillman, and were engaged in said assaultive behavior. WAYFINDER failed to appropriately supervise and monitor the residents and failed to protect David McKnight-Hillman.

214.    WAYFINDER ratified, acquiesced, and/or condoned the conduct because it knew or should have known that the residents had the propensity to act.

215.    The contact resulted in the non-consensual contact of David McKnight-Hillman.

216.    As a direct, foreseeable, proximate and legal result of the combined wrongful conduct by WAYFINDER, the death of David McKnight-Hillman, The Personal Representative DAVID HILLMAN III, has sustained pecuniary loss resulting from the loss of live, society, comfort, companionship, attention, services, solace, moral and future financial support of David McKnight-Hillman in an amount exceeding the jurisdictional limit of the Court and subject to proof at trial.

217.    The aforementioned acts were committed and done willfully, wantonly and maliciously and said intended acts were malicious and oppressive and committed in complete disregard of the parties' rights, feelings, and well-being. As a result, The Estate seeks punitive and exemplary damages against

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

1   Defendants in a sum according to proof at a time of trial within the discretion of this Court.

2       218.    Arising and proximately caused by Defendants' conduct, acts, and omissions, as alleged

3   herein, Plaintiff has suffered economic and non-economic damages according to proof at trial.

4                       **FOR THE ELEVENTHCAUSE OF ACTION**

5   **(By Plaintiff DAVID HILLMAN III Against Defendant GOOD GUARD SECURITY, INC., and**

6                    **DOES 101 through 200 for Wrongful Death)**

7                           **(Based on Negligence)**

8       219.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this

9   Complaint, as though set forth herein full.

10      220.    Plaintiff brings this cause of action as the heir to a victim that died as a result of a violent

11  attack that occurred on January 2, 2021, at WAYFINDER.

12      221.    GOOD GUARD SECURITYowed a duty of reasonable care toward Plaintiffs and others

13  based upon Defendant'sduties to provide security services at WAYFINDER, including but not limited to

14  monitoring and performing public safety functions at The Wayfinder Facility and the surrounding

15  premises.

16      222.    Said duty was based upon Defendant'scontractual obligations, custom and practice in the

17  industry, and the commission of affirmative acts that resulted in David McKnight-Hillman's injuries and

18  resulting death, and in harm to Plaintiff.

19      223.    Plaintiff is informed, believes, and thereon alleges that, the residents had known

20  propensities for violence, and in the recent past, had engaged in prior attacks, threats, and fights,

21  including a fight that took place at WAYFINDER the day before the subject incident.

22      224.    GOOD GUARD SECURITY knew, or reasonably should have known based on their

23  awareness of the occurrences of these prior acts, that the occurrence of similar criminal acts in the future

24  was reasonably foreseeable.

25      225.    GOOD GUARD SECURITY by contracting with WAYFINDER to provide security,

26  assumed a duty to 1) act as a reasonable security service would under the circumstances; and 2) provide

27  adequate security in and around The Wayfinder Facility.

28      226.    Given the nature of WAYFINDER's business of providing residential therapeutic services

**THE COCHRAN FIRM – CALIFORNIA,**
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

to youth with significant behavioral, emotional, and educational challenges, conflict resolution is part of the security personnel's responsibility atthe facility. GOOD GUARD SECURITY was contracted to provide security, in turn GOOD GUARD SECURITY hired/retained/contracted with the DOE Security Guards to act as security guards at WAYFINDER whose actions during the evening hours of January 2, 2021, showed neglect of this responsibility.

227.    Defendant's, acted, upon information and belief, negligently in the following manners:

a.      Failure to provide safety and security at and within close proximity to The Wayfinder Facility for the safety of its staff, residents, visitors, and persons otherwise within close proximity to the premises;

b.      Failure to provide and/or contract for adequate security; security guards; surveillance; and/or security training;

c.      Failure to prevent and/or reduce the opportunity for criminal misconductby a third party;

d.      Failure to prevent David McKnight-Hillmanfrom being exposed to a known dangerous condition;

e.      Failure to properly train its employees; and

f.      Failure to follow its own policies and processes to safeguard the security;safety; supervision; and/or monitoring of The Wayfinder Facility.

228.    At all relevant times, Defendants, and each of them, undertook sole and exclusive care, custody, and control over the safety and protection of The Wayfinder Facility, including David McKnight-Hillman.

229.    At all relevant times, Defendants, and each of them, were under a legal duty of care to control, care for, safeguard and protect Decedent from harm and/or others in the said Defendants' exercise of providing security servicesand other nonmedical public safety functions at The Wayfinder Facility.

230.    Additionally, said duty is based on the requirements of Civil Code § 1714requiring all persons to act in areasonable manner toward others.

231.    Defendants, and each of them, breached said duty by negligently, carelessly or recklessly performing the security work or negligently supplying labor or materials for The Wayfinder Facility to

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

perform the security work referred to herein, in that Defendants failed to monitor, prevent, notify, or warn others of potentially dangerous conduct on The Wayfinder Facility, thereby creating a risk of injury or death to persons working and/or present on The Wayfinder Facility.

232.   As a direct and proximate result of the aforesaid negligence and breach of duty, David McKnight-Hillman was violently attacked and killed. As a result of this wrongful death, Plaintiff sustained injuries in the form of loss of benefits, love, companionship, comfort, care, assistance, protection, affection, society, guidance, and moral support, all in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs **DAVID HILLMAN III**, an individual, and **THE ESTATE OF DAVID MCKNIGHT-HILLMAN**, by and through its Personal Representative, **DAVID HILLMAN III**, pray for judgment against Defendants **COUNTY OF LOS ANGELES**, a public entity; **WAYFINDER FAMILY SERVICES**, a California corporation; **BOBBY D. CAGLE**, an individual; **VIRGINIA PRYOR**, an individual; **MIKI JORDAN,** an individual; **JAY ALLEN**, an individual; **ANI SARGSYAN**, an individual; **GOOD GUARD SECURITY, INC.**, a California corporation; and **DOES 1 through 200** inclusive, and each of them, as follows:

1.   For compensatory damages, including wrongful death damages, survival damages, and general and special damages in an amount according to proof at trial;

2.   For treble damages pursuant to California Civil Code §§ 52 and 52.1;

3.   For reasonable costs of suit incurred herein;

4.   For attorneys' fees incurred herein, as provided by law;

5.   For punitive damages against the individual defendants, BOBBY D. CAGEL, VIRGINIA PRYOR, MIKI JORDAN, JAY ALLEN, and ANI SARGSYAN, in their individual capacities and against WAYFINDER FAMILY SERVICES, in an amount according to proof at trial. Plaintiffs do not pray for an award of punitive damages against Defendant COUNTY OF LOS ANGELES;

6.   For such other further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby demand that a jury be impaneled for the trial of this matter, as against all defendants and all causes of action.

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

DATED: January 17, 2022

THE COCHRAN FIRM - CALIFORNIA

By: _____

MARCELIS E. MORRIS, ESQ.
Attorneys for Plaintiffs David Hillman III,
individually and as Personal Representative of
The Estate of David McKnight-Hillman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE COCHRAN FIRM – CALIFORNIA
4929 Wilshire Boulevard, Suite 1010, Los Angeles, CA 90010
(323) 435-8205 Telephone . (323) 282-5280 Facsimile

61